THE STARK ELECTRIC RAILROAD CO. *v.* BROOKS, GUARDIAN.

*Negligence — Operation of car causing sudden jerk — Contributory negligence — Passenger seated on platform or standing on step — Questions for jury, when — Answers by jury to special interrogatories — Constitute finding of absence of contributory negligence, when.*

(No. 15104 — Decided May 29, 1916.)

CERTIFIED by the Court of Appeals of Mahoning county.

*Messrs. Hart & Koehler,* for plaintiff in error.

*Messrs. Metzger & Smith,* for defendant in error.

BY THE COURT. The court of appeals of Mahoning county found its judgment in this case to be in conflict with the judgment of the court of ap-

peals of Hamilton county in the case of *The Cin-cinnati Traction Co.* v. *Mary Brogan,* and certified the record thereof to this court.

This action was instituted in the court of common pleas of Mahoning county by Sarah J. Brooks as the guardian of Henry J. Brooks, an infant, and a recovery of damages sought against The Stark Electric Railroad Company on account of injuries sustained by Henry J. Brooks while a passenger on one of the defendant's cars, it being claimed that the injuries were caused by the negligence of the railroad company. The charges of negligence contained in the petition are in substance as follows:

First, in permitting plaintiff's ward to board said car and accepting him as a passenger when said car was in the overcrowded condition that it was; second, in requiring plaintiff's ward to ride on the steps of said car after accepting him as a passenger; third, in operating its car in a careless and negligent manner causing the same to jerk very hard and quickly, whereby plaintiff's ward was thrown out from the car steps, and struck by a pole along said track; and, fourth, in maintaining said pole, at a point near its regular stop, in such close proximity to its tracks, when it knew, or in the exercise of proper care should have known, that passengers were apt to be thrown in contact with the same and thereby injured.

The answer of the defendant put in issue the charges of negligence made in the petition. As a further defense therein stated it is claimed that there were vacant seats in the car; that contrary

to the rules of the company and the instructions and request of the conductor plaintiff's ward persisted in riding on the rear steps of said car, and that having voluntarily and unnecessarily chosen that location on the car he assumed the dangers and risks incident thereto.

It is further averred that plaintiff's ward left his position on the step of said car and swung his body out beyond the steps while the car was in motion, thereby coming in contact with one of the trolley poles, which was at a safe and customary distance from the track, thus causing his injuries, and that in so doing he was negligent in a manner contributing directly and proximately to his alleged injuries.

Issue having been made by the reply, the case was tried and submitted to a jury and a verdict found for the plaintiff. Judgment was rendered thereon and affirmed by the court of appeals, which court certified the record to this court as heretofore stated.

It is contended by counsel for plaintiff in error that the trial court should have sustained their motion and directed the jury to return a verdict for the railroad company, defendant below, on the ground that the evidence fails to show negligence on the part of the company, and also for the reason that the record does show such contributory negligence by the plaintiff's ward as to preclude a recovery in this case.

Evidence adduced supporting the averments of the petition is in substance as follows: That when the railroad company accepted plaintiff's ward

as a passenger on its regular car and collected his fare, the car was so crowded that he was unable to get further than the upper step of the platform, where he seated himself; that as the car approached the station known as "Law's Crossing" plaintiff's ward, and also his companion seated on the step beside him, stood up to make room for some passengers to get off, after which he grasped the rear handhold with his left hand; and that the scheduled time of the car was thirty miles per hour and that it kept its speed until it got near the crossing when the motorman so applied and then released the air as to cause the car to stop suddenly and then violently lunge forward causing plaintiff's ward to be thrown backward and around off the car, striking his head against a trolley pole near the track, which threw him to the ground, his head striking the rail of the track with such force as to cause serious injury.

The trial court submitted the case to the jury with the instruction that but one charge of negligence should be considered, that being the manner of operation of the car, in causing a sudden, severe jerk and thereby throwing the plaintiff's ward against the trolley pole and injuring him. Other charges of negligence were thus taken from the consideration of the jury.

The record discloses evidence tending to prove each material fact essential to support the charge of negligent operation of defendant's car by its employes in the particular to which the inquiry was thus limited, and that issue was therefore one for the jury.

There was also evidence that plaintiff's ward did not voluntarily remain upon the platform as did each of the passengers whose right to recover was at issue in the case of *Cincinnati, Lawrenceburg & Aurora Elec. St. Rd. Co.* v. *Lohe, Admr.,* 68 Ohio St., 101, and other cases cited. In the case at bar there was evidence that the defendant's car was crowded and the aisles full, and that it was not possible for plaintiff's ward to get into the car further than the platform.

The trial court was fully warranted in submitting the issue of contributory negligence to the jury. Counsel for defendant requested instructions before argument touching that issue, six of which were given and one refused. The instruction which the court refused to give the jury is as follows:

"If you find from the evidence, that plaintiff's ward was seated in a place of safety on the step of defendant's car and could have remained there until the car stopped, but instead took a standing position on the step of the car while it was in motion, then in such case he assumed the risk of such injury as might naturally or reasonably be expected to happen to him while the car was being operated on the track such as being jolted from the step, and if you find he was injured in this manner by reason of his standing upon the car step as aforesaid, the plaintiff cannot recover and your verdict must be for the defendant."

Whether plaintiff's ward was injured by reason of his standing upon the car step and also whether his action in arising when he did from the place

where he had been sitting upon the car step constituted negligence, were likewise questions of fact for the jury, and were properly submitted by the trial court with the following instruction in its general charge:

"As I understand their claim—you will remember it—as I understand their claim it is that this boy while he was seated upon the step of the car was safe and that he arose from the place where he was sitting and stood up and therefore it was more dangerous and that in doing that he did not exercise this ordinary care. Gentlemen, you will take into consideration the circumstances under which—if there is any proven—by which he arose from his seat and stood up. - Determine whether by doing that act, whether he exercised the care which an ordinarily prudent person would have exercised under the same or similar circumstances. If you shall find, gentlemen of the jury, that the defendant failed to exercise this high degree of care which I have called your attention to and find that the ward, Henry Brooks, did not exercise ordinary care, then that would defeat his right of recovery, no difference how negligent the defendant may have been."

Upon the request of counsel for plaintiff in error, defendant below, two interrogatories were submitted to the jury, which with their answers are as follows:

"1. Could Henry Brooks have gotten into the car at the time he became a passenger if he had so desired? Answer. No.

"2. If Henry Brooks, plaintiff's ward, had remained seated where he was on the step and not stood up as the car in question approached and until it reached Law's Crossing, the place of the accident, would he have received the injury he claims to have received? Answer. Yes."

The answer to the first interrogatory is a specific finding against the charge that plaintiff's ward voluntarily and unnecessarily remained on the platform step. The second, while in a measure speculative, effectually disposes of the question presented by the only requested charge which the trial court refused to give, and also discloses the conclusion of the jury, from the evidence of witnesses before them, as to the extent and violence of the lurch of the car, which threw plaintiff's ward from the step and caused his injury. Together they constitute a finding that there was no negligence on the part of plaintiff's ward directly and proximately contributing to cause the injury sustained by him.

No error prejudicial to plaintiff in error is apparent in the record.

The judgment of the court of appeals, affirming the common pleas, is therefore affirmed.

*Judgment affirmed.*

NICHOLS, C. J., JOHNSON, DONAHUE, WANAMAKER, NEWMAN, JONES and MATTHIAS, JJ., concur.