## THE OHIO TRACTION CO. v. MALEY.

*Negligence — Charge to jury — Accident as evidence of negligence — Answers to special interrogatories — Error in charge cured, when.*

While it is error for the court to charge the jury that the fact that an accident happened is evidence tending to prove negligence, such charge is not prejudicial if the jury in answer to special interrogatories find that defendant's negligence was the proximate cause of plaintiff's injury.

(Decided January 29, 1917.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Albert H. Morrill,* for plaintiff in error.
*Mr. Michael Minges,* for defendant in error.

GORMAN, J. In the court below the plaintiff, Sophia Maley, defendant in error here, recovered a judgment of $3,000 for personal injuries claimed to have been sustained by her August 25, 1913, by reason of the negligence of The Ohio Traction Company while she was a passenger on a Glendale car owned and operated by said company.

In her petition she charged that the negligence of the company which resulted in her injuries consisted in starting and stopping the car upon which she was a passenger, as she was about to enter the door of the car, with an unusual and unnecessary jerking and suddenness which resulted in throwing her to the floor of the car, injuring her knees very severely. She established by a preponderance of the evidence that she was permanently crippled and unable to move or walk except with great difficulty and restriction.

Plaintiff in error asks for a reversal of the judgment below on two grounds: First, that there was not sufficient evidence to prove that the car was stopped with an unusual jerk or with an unnecessary suddenness; and, second, that there were errors committed by the court in its general charge to the jury.

The facts in this case are similar to those established in the case of *The Cincinnati Traction Co.* v. *Mary Brogan,* 19 C. C., N. S., 432; reversed by the supreme court 91 Ohio St., 403, without opinion. They are also similar to the facts set out in the case of *The Stark Electric Rd. Co.* v. *Brooks, Gdn.,* 94 Ohio St., 324. In these two cases it was laid down as a rule of law that the sudden, unusual starting or stopping of a street car is negligence on the part of the carrier, and that if such sudden and unusual stopping or starting of the car with a jerk results in injury to a passenger the street car company is liable.

As to the first claim of the plaintiff in error, that the evidence is not sufficient to establish the fact that the car stopped with an unusual jerk or with an unnecessary suddenness, it may be said that this question was properly submitted to the jury under proper instructions from the court. There were six witnesses produced by the plaintiff, besides herself, all of whom described an unusual and unnecessary jerk or motion in the stopping of the car. There were three witnesses produced by the street car company—the motorman, the conductor, and the wife of an employe of the company—all of whom testified that the car did not stop in an unusual manner or with an unnecessary jerk.

The jury having, both on the general issues and on the special findings, found in favor of plaintiff's contention that there was an unusual, unnecessarily sudden stop, we can not say that this finding was manifestly against the weight of the evidence; but, on the contrary, the evidence fully supported the finding of the jury.

At the request of the defendant below, plaintiff in error here, three interrogatories were submitted to the jury, as follows:

"1. Under all the surrounding circumstances, as shown by a preponderance of the evidence, did the motorman stop the car in a reasonably careful and prudent manner?"

The answer to this interrogatory was "No."

"2. Does a preponderance of the evidence show that the car was stopped with an unusual or unnecessary suddenness, under all the surrounding circumstances?"

The jury's answer to this was "Yes."

"3. Does a preponderance of the evidence show that the car was stopped in a manner different from that in which cars are usually stopped under the same or similar circumstances?"

The answer of the jury to this interrogatory was "Yes."

The jury were warranted in answering these interrogatories as they were answered, under the evidence adduced upon the trial.

The question of whether or not the car stopped with an unusual or an unnecessary suddenness having been submitted to the jury under proper instructions, and the finding of the jury having been against the defendant below on this point,

and that finding being warranted by the evidence, we therefore see no ground for complaint on the part of The Ohio Traction Company as to this claim of error.

Secondly, it is urged that the court erred in its charge to the jury, that this error was prejudicial to the plaintiff in error, and for this reason the judgment of the court should be reversed.

In his charge to the jury the court, among other things, said:

"The fact that an accident has occurred does not imply negligence on the part of either the plaintiff or the defendant, but it is evidence tending to prove negligence, but you can not guess at it."

Manifestly this is a misstatement of the law, and the court erred egregiously in giving voice to such a rule. Furthermore, it appears that at the close of the charge a colloquy took place between the court and counsel for plaintiff, defendant in error here. This is what occurred:

"Mr. Minges: Just another matter. Your Honor instructed the jury that negligence is not to be presumed from an injury, but that injury is evidence tending to prove negligence. I would rather your Honor omit that and instruct the jury that injury itself is no evidence tending to prove negligence.

"The Court: How do you want that? I am using the exact words out of the 91st Ohio State.

"Mr. Minges: The fact that plaintiff herself sustained an injury, that of itself in no way tends to establish negligence or to prove negligence on the defendant's part.

"The Court: I thought I said that.

"Mr. Minges: Your Honor said that and you qualified it by saying 'but it is evidence tending to prove negligence.'

"The Court: I don't think I can change that. I think that is correct. If you want to take an exception— You take a general exception, anyway."

These statements of the court, and the attitude of the court, only tended to emphasize the error which the court had fallen into when he said that the accident was evidence tending to prove negligence. Were it not for the special findings of the jury upon the interrogatories submitted, there is no doubt in the mind of the court but that this judgment and verdict should be set aside because of the palpable error committed by the court in his instructions to the jury, and in his attitude and utterances at the close of the charge. But it appears from the record, as stated above, that the jury on these three interrogatories submitted by counsel for the street railway company found as a matter of fact that this car stopped with a sudden and unusual jerk, or with an unusual and unnecessary suddenness. And, this fact having been found, under the rule laid down in the *Brogan case,* and the *Brooks case, supra,* this was negligence upon the part of the street railway company, and if this negligence was the proximate cause of the plaintiff's injury then she was entitled to recover. There can be no doubt in the mind of any one reading the record that the sudden stopping of the car was the proximate cause of the plaintiff's injuries. In fact, there was no claim made that this was not the cause of her injuries. The testimony of the wit-

nesses shows that the sudden jerk of this car, as the plaintiff, Mrs. Maley, was about to enter the door of the car, broke her hold upon the handles of the door and threw her prone upon the floor, her knees coming in contact with the iron cleats at the sill of the rear door. Other witnesses testified that the stop was so sudden that they were thrown forward against the front door of the car.

Under these circumstances it appears to the court that, notwithstanding the error committed by the trial court in his charge, and in his refusal to correct the charge when so requested by counsel for plaintiff, this charge was not prejudicial. It was held by this court in the case of *The Wm. Heffron Construction Co. et al.* v. *Coleman, Sr.,* 13 C. C., N. S., 47; affirmed without opinion 84 Ohio St., 450:

"Error in charging a jury as to the duty of the master to furnish the defendant a safe place to work is immaterial, where the jury has specially found that the injury was due to a defective timber."

In the opinion, at page 48, the court says:

"The special findings of the jury and the fact that the president of the defendant company had actual knowledge of the defective condition of the platform, are conclusive on the question of defendant's negligence, and as young Coleman was not required to inspect the platform before resuming work he was not guilty of negligence. Hence, the alleged error in the charge at page 288 of the bill of exceptions was not prejudicial; and for the same reason the charge concerning the duty of the master to furnish safe material was not prejudicial."

The same rule is laid down in the case of *The Brier Hill Steel Co.* v. *Ianakis,* 93 Ohio St., 300. In that case there were interrogatories submitted to the jury upon the question of contributory negligence of the plaintiff. The trial court was asked to give a special charge with reference to contributory negligence, which he failed to do, and the court found that, while it was error to refuse to give this charge, nevertheless, inasmuch as the question of the contributory negligence of the plaintiff in error was submitted to the jury by a special interrogatory and the jury answered in the negative, the plaintiff was not guilty of contributory negligence; and the court held that the error in failing to charge on the question of contributory negligence was non-prejudicial.

For the reasons stated, the judgment of the trial court should be affirmed.

*Judgment affirmed.*

JONES, E. H., P. J., and JONES, OLIVER B., J., concur.