Court of Appeals for Coshocton County.

PAULINE CRAWFORD v. W. S. MERRELL, TRUSTEE, ET AL.*

Decided, February 28, 1916.

*Transaction Between Relatives—Evidence Relating to, Given by Relatives—Need Not be Regarded with Suspicion, When—Weight of Evidence—Charge of Court.*

1. An instruction to the jury that transactions between relatives "are always viewed with suspicion, and their testimony with regard to such transactions must be taken with allowance," is not prejudicial

---

*Motion to require the Court of Appeals to certify its record in this case overruled by the Supreme Court, May 16, 1916.

where followed immediately by the statement that if such testimony "is of such a nature as to carry conviction to your mind that said witnesses are telling the truth, then it is entitled to as much weight as that of any other witnesses."

2. The rule that a reviewing court will not set aside a judgment on the ground of weight of the evidence, applies to a judgment which is based on evidence which is conflicting and of a character as to which different minds might arrive at different conclusions.

*C. R. Bell, George D. Klein* and *Frank Pigman,* for plaintiff in error.

*F. E. Pomerene, Joseph L. McDowell* and *W. S. Merrell,* contra.

HOUCK, J.

This is an error proceeding prosecuted from the common pleas court of this county to this court. The parties here stand in the reverse order in which they stood in the common pleas court. The plaintiff in error seeks to reverse a judgment of the common pleas court of Coshocton county in the sum of four thousand dollars which was entered on the verdict of the jury in the trial of said cause against said plaintiff in error, who was the defendant below. The suit below was brought by the defendant in error, the plaintiff below, as trustee in bankruptcy of Walker and Lawrence, against the plaintiff in error, the defendant below, to recover certain corporate stocks, or the value of same, alleged to have been transferred by Frank A. G. Lawrence, one of the bankrupts, to his mother, Pauline Crawford, the plaintiff in error.

The second amended petition avers that said Lawrence, while indebted to numerous banks and individuals, and at the time such indebtedness was created, was the owner of the corporate stocks in question and was at said time and ever since unable except for same to pay his debts and except for same was insolvent. That while so indebted he transferred to his mother, Pauline Crawford, the defendant, said stocks gratuitously and without consideration.

The defendant denied by answer all the material allegations in the second amended petition, and the cause, upon the pleadings

filed, went to trial, resulting in a verdict in the sum of four thousand dollars in favor of the trustee. A motion for a new trial was filed, heard by the court, and overruled, and a judgment was entered on the verdict. A petition in error was filed in this court, and a bill of exceptions containing the testimony of more than twenty witnesses, covering nearly two hundred pages of typewritten matter. This case being an important one, presenting several new questions of law and fact, the court has given it much time, and with no little amount of labor we have read the testimony of all of the witnesses. The petition in error sets forth many grounds of error, for which a reversal of the judgment below is sought. We have examined all of the grounds of alleged error and think that the following are the only ones urged by counsel in their brief and presented in oral argument which we deem necessary to discuss:

*First.* Is the second amended petition sufficient in law?

*Second.* Did the court err in its admission and rejection of testimony?

*Third.* Did the court err in refusing to give to the jury special written requests before argument presented by the defendant below?

*Fourth.* Was the verdict of the jury against the manifest weight of the evidence?

We have examined the second amended petition and while in some respects it is not as clear and definite as it might be, yet it specifically sets forth the facts in such language as to fully and completely advise the defendant below of the claim made, and is, as we feel, a concise, legal and logical statement of the claims relied upon by the plaintiff, and is therefore sufficient in law.

Counsel for plaintiff in error strenuously contend that the trial court erred prejudicially as to the rights of their client in that part of the general charge in which the court said:

"Transactions between mere relations are always viewed with some suspicion, and their testimony in regard to such transactions must be taken with some allowance."

Counsel say:

. "This statement was very prejudicial, an invasion of the province of the jury, the giving of impeaching testimony by the court, and strictly against the law."

We agree with counsel that the above statement as to the law with reference to transactions between relatives is and would be erroneous and prejudicial if given in that language and without modification, but the trial court modified the above, which will be observed by reading the general charge. Following the above language and in the same sentence we find the following:

"But if it is of such a nature as to carry conviction to your mind that said witnesses are telling the truth, then it is entitled to as much weight as that of any other witness."

Counsel for plaintiff in error in their brief did not give all the language used in that connection by the trial court. It will not do to take isolated sentences and statements in the general charge and predicate error thereon. All the language used concerning the particular subject must be taken into consideration, and from this determine whether or not the charge is sound in law and pertinent to the issue to be determined.

Applying this rule to that part of the charge complained of, we can reach but one conclusion and that is that it is a correct and proper statement of the law governing the weight that should be given evidence offered by relatives as to transactions between them.

While the bill of exceptions discloses some technical errors in the admission and rejection of certain testimony, we do not think it in any way prejudiced the substantial rights of the plaintiff in error.

Did the court err in refusing to give the special charges before argument as requested by the defendant below? If these special written requests were correct propositions of law applicable to the issue or issues to be determined in the present case, then it was prejudicial error to refuse them. With the view of ascertaining whether or not they are within this rule, we have

carefully examined them and find that as abstract propositions of law they are sound but not applicable to the particular facts and the issues to be determined in this controversy, and therefore the court committed no error in refusing to submit them to the jury.

The one real question of fact in this case and which was presented to the jury for determination—was Frank A. G. Lawrence at the time of the transaction in question solvent or insolvent? This being a question of fact was wholly and entirely for the jury to try and determine. We have read all of the testimony of the witnesses pro and con bearing upon this question, and we have no hesitancy in saying that the evidence is somewhat conflicting, being of such a character and nature that different minds might arrive at different conclusions. Questions of fact are for the jury to determine and questions of law for the court to pass upon. Courts should not invade the rights of a jury, and we do not think it is within the province of nor do we feel that it is the duty of a reviewing court to set aside a judgment entered on the verdict of a jury for the reason that the same is against the weight of the evidence, unless from an examination of all of the evidence the judgment is manifestly against the weight of the same; and of this fact the reviewing court must and should be clearly satisfied, and not so finding in the instant case the judgment below will not be reversed on the alleged error of the verdict of the jury and the judgment entered thereon being against the manifest weight of the evidence.

It therefore follows from what we have already said that we find no error in the record prejudical to the rights of the plaintiff in error, and so finding, the judgment of the common pleas court must be affirmed.

Judgment affirmed.

SHIELDS, J., and POWELL, J., concur.