Houck, J.
Error is here prosecuted in which it is sought to reverse the finding and judgment of Hon. Park B. Blair, judge of the common pleas court of Knox county, Ohio, in his dismissal of contempt proceedings filed by plaintiffs herein against the defendant for alleged violation of a judgment heretofore rendered in the common pleas court in which said J? C. Hall was enjoined and restrained from engaging in the hardware business in Danville or Buckeye City, Ohio.
The proceedings in contempt were heard by the trial judge upon the evidence offered, which is now before us in the form of a bill of exceptions. The trial court dismissed the action in contempt, and held the accused, J. C. Hall, guiltless. By this proceeding in error it is sought to reverse the judgment of the court below.
It is claimed by counsel for plaintiffs in error that the defendant violated the injunction heretofore granted by the common, pleas court and that he is now engaged in the hardware business. Counsel for defendant in error insist that said Hall is not engaged in the hardware business, but is conducting what is known as a racket store.
The only question’to be determined in this case is one of fact, namely: Is J. C. Hall now engaged in the hardware business in the village of Danville or Buckeye City, Ohio? This question was' sub-' mitted to the trial judge. It was a question of fact, and he was called upon to and did pass upon not, only the sufficiency but the weight of the evidence.
The rule of law is well known that a reviewing court will not reverse a judgment on the weight of the evidence unless it manifestly appears that the *156 judgment is against the weight thereof. We have read the testimony of all the witnesses, as embodied in the bill of exceptions, and we find the evidence to be conflicting; different minds might arrive at different conclusions therefrom; and as a matter of fact it took this court’ some time to reach a unanimous conclusion as to whether or not the defendant had violated the former order and judgment of the common pleas court.
It follows that where a trial judge, who has the same power, authority and right to determine as to the sufficiency as well as the weight of the evidence as a jury, has determined a case in which different minds might arrive at different conclusions, or different results, from the same evidence, a reviewing court has no authority to reverse such judgment, unless upon the whole record it is clearly manifest that a different judgment should have been rendered. This we do not find.
We are of the opinion, this being a quasi-criminal case, that the evidence that the one charged with contempt is guilty should be clear, positive and convincing, before a court shall so find. We think the rule of evidence in cases such as the one now under review requires stronger proof in order to find one guilty of contempt than simply a preponderance. In fact, in a quasi-criminal proceeding, such as the one at bar, the presumption is all in favor of the person charged with the offense, namely, in favor of innocence. In such a case it must affirmatively appear in the record that the person so charged with contempt is guilty.
Applying this rule of law to the facts as established by the evidence in the bill of exceptions, after. *157 a careful examination of the entire record in this case,.we are bound to and do arrive at the conclusion that the judgment of the trial judge in the present case is right and should be affirmed.

Judgment affirmed.

Powell and Shields, JJ., concur.