extent, and such acquiescence and consent continued up to the time in question, there would be some evidence tending to show implied authority. The record fails to show any such acquiescence and consent on the part of the father in the use of the automobile for the purposes claimed as would constitute a scintilla of evidence upon the question whether or not the son was acting as the agent or servant of the father within the scope of his implied authority at the time of the collision.

The court below properly directed a verdict for the defendant. The judgment will be affirmed.

*Judgment affirmed.*

RICHARDS and YOUNG, JJ., concur.

---

## CASCI v. EVANS.

*Partnership—Dissolution before attachment levied and good faith thereof—Finding of trial court not disturbed on review, when—Purchasing partner not entitled to personal exemption from attachment, when—Want of good faith and dissolution in fraud of creditors.*

1. In an action involving the question whether a certain partnership was dissolved before the levying of plaintiff's attachment, and, if dissolved, whether the dissolution was in good faith, or for the purpose of defrauding creditors, the determination of the trial judge will not be disturbed, where the evidence was such that different minds might reach different conclusions.
2. The claim that a purchasing partner is entitled to hold the property exempt from attachment does not apply, where the evidence clearly discloses that he did not act

in good faith, but that the actions of himself and others in connection with the dissolution were such as to constitute a fraud upon the creditors.

(Decided October 27, 1921.)

ERROR: Court of Appeals for Knox county.

*Mr. P. L. Wilkins,* for plaintiff in error.
*Mr. W. G. Koons* and *Mr. W. M. Koons,* for defendant in error.

HOUCK, J. This case is here on a petition in error from the common pleas court of Knox county, Ohio. Error is predicated on the overruling of a motion to discharge an attachment, issued out of the court of George S. Harter, a justice of the peace in and for Clinton township, Knox county, Ohio, against Carlo Casci and one F. Di Piero.

The justice of the peace overruled the motion, and an appeal was taken to the common pleas court, under favor of Section 10259, General Code of Ohio, and the same was heard on the evidence, as appears by more than 50 pages of typewritten testimony set forth in the bill of exceptions filed herein.

Question: Did the common pleas court err in overruling the motion to discharge said attachment?

The plaintiff in error seeks a reversal of the judgment entered in the common pleas court, for the following reasons: (1) That the judgment is against the manifest weight of the evidence; (2) that the property sought to be attached is exempt from execution as against the plaintiff in error.

The grounds of attachment in the affidavit were that the defendants have assigned, removed, and

disposed of a part of their property, and are about to dispose of all of said property, with intent to defraud their creditors. The affidavit further set forth that the property sought to be attached was not exempt from execution.

The two questions here raised are questions of fact: namely, were the defendants disposing of their property to defraud their creditors; and, second, was the property sought to be attached exempt from execution? These charges were denied by the plaintiff in error by affidavit duly filed by him. This having been done, the burden rested with the defendant in error to establish the truthfulness of the allegations in the affidavit of attachment by that degree of proof required by the rules of law applicable thereto.

We have read all of the evidence offered in the trial, and, while it is somewhat conflicting, yet we are not able to say that it is not sufficient to sustain the allegations of fraud, and that under the facts and law the property levied upon is not exempt from execution.

The question whether or not the partnership between Casci and Di Piero was, at the time of such levy in attachment, in existence, and the question whether or not the partnership was dissolved in good faith prior to the levying of said attachment, and the question whether the dissolution of said partnership was done for the purpose of defrauding Evans as one of its creditors, were for the determination of the trial judge under all the circumstances and facts in the case, as shown by the evidence.

While there is some conflict in the evidence, we

find that the weight of same is clearly with the defendant in error. We must adhere to the rule of law laid down in the case of *Loney* v. *Hall,* 8 Ohio App., 154, 28 O. C. A., 14, 29 O. C. D., 453. The first proposition of the syllabus reads:

"The judgment of a trial judge who has passed upon the sufficiency and weight of the evidence will not be disturbed, where the evidence is such that different minds might reach different conclusions."

It is urged that Casci, the purchasing partner, is entitled to the attached property, as an exemption, for the reasons that he is a resident of Ohio, the head of a family, and without a homestead, and, to sustain that claim, counsel for plaintiff in error relies upon the case of *Mortley* v. *Flanagan,* 38 Ohio St., 401, the syllabus of which reads:

"Where the members of a firm, acting in good faith, dissolve the partnership, and one member sells his interest in the partnership property to the other, the latter will not be deprived of the right to hold such property exempt from the payment of a debt thereafter asserted against him, on the ground that such debt was a partnership debt due at the time of the dissolution; nor will the fact that the partners knew the firm to be insolvent, at the time of such dissolution, make any difference."

A careful reading of the testimony of Casci clearly discloses that he did not act in good faith, and that the transactions between him and the others interested in the property attached were not consonant with his claim of good faith, but,

upon the other hand, we find and hold that they were, in fact and law, such as to constitute a fraud upon the rights of the defendant in error Evans. It therefore follows that Casci does not come within the rule applicable to purchasing partners, in good faith and without fraud, and the case of *Mortley* v. *Flanagan, supra,* does not apply.

Having read all the testimony and examined all of the exhibits as contained in the bill of exceptions now before us, we find, under the facts and law governing same, that the judgment of the common pleas court is right, and should be affirmed.

*Judgment affirmed and cause remanded.*

SHIELDS and PATTERSON, JJ., concur.