## THE CITY RAILWAY CO. v. SHIVELY.

*Error proceedings—Jurisdiction—Reversal on weight of evidence—Trial upon agreed statement of facts—Negligence.*

In an action for damages for negligence submitted to the trial court upon an agreed statement of facts under which reasonable minds might well differ in the conclusions reached, where the issue resolves itself into one of the weight of the evidence, it is error for a reviewing court to reverse the judgment rendered by the trial court in favor of the defendant.

(Decided December 28, 1922.)

ERROR: Court of Appeals for Montgomery county.

*Messrs. McMahon, Corwin & Landis,* for plaintiff in error.

*Messrs. Jones & Harlan,* for defendant in error.

HAMILTON, P. J. This case arose in the municipal court of the city of Dayton, and was submitted to the court upon an agreed statement of facts. The municipal court rendered judgment in favor of the defendant, plaintiff in error here. From that judgment error was prosecuted to the court of common pleas, which court reversed the judgment of the municipal court. The plaintiff in error prosecutes error to this court, seeking a reversal of the judgment of the common pleas court, and affirmance of the municipal court.

Digesting the agreed statement of facts it seems to us that the conditions were these: The street car of the plaintiff in error, traveling west, approached a street intersection; the wife of defend-

ant in error was driving an automobile east, approaching the same street intersection. The car of the plaintiff in error turned to the left to go south on the intersecting street, the tracks curving in the center of the intersection. The driver of defendant in error's machine was moving forward to cross the intersecting street, and seeing the street car, undertook to stop the machine. The street car had passed the line of travel of the defendant in error's automobile—in other words had reached the intersection first—but the automobile seems to have approached too close to stop in time to escape altogether, as the rear overhang of the car struck the machine, causing the damage complained of.

It is claimed that the car's usual course was west, and that no warning was given by the motorman of his intention to turn. None was necessary or required. The car was simply turning in plain sight, and was first at the intersection.

While some technical questions are raised by counsel in their briefs, the controversy resolves itself into one of the weight of the evidence. The municipal judge found on the facts in favor of the defendant company. The common pleas judge's mind differed in its view of the facts, but we note in the opinion of the common pleas court that the court was influenced by personal knowledge. In the opinion filed with the papers, we note this observation by that court:

"The similarity between the City Railway cars called the Third Street car, and the City Railway cars called the Green Line car, is so great, that except on closest inspection of the sign carried by the car of the latter on the side of the car, it is

difficult to distinguish them. This is so true that this court, using the Green Line car in going to his home, is often deceived when he waits at the corner of Main and Third and mistakes a Third Street car for a Green Line car, so that if plaintiff's wife did not discover that the car approaching was a Green Line car and not a Third Street car, she was having the common experience of persons who use those respective cars for the purposes of travel."

How clearly this shows that under the facts, reasonable minds might well differ in the conclusions arrived at.

This court, on the agreed statement of facts, is of opinion that an unavoidable accident, or concurrent negligence, might have been inferred by the municipal court. At least the municipal court was justified, on the facts, in not finding the defendant guilty of negligence proximately causing the injury.

The judgment of the common pleas court reversing the judgment of the municipal court will be reversed, and that of the municipal court affirmed.

*Judgment reversed.*

CUSHING and BUCHWALTER, JJ., concur.

Judges of the First Appellate District, sitting in place of Judges FERNEDING, KUNKLE and ALLREAD, of the Second Appellate District.