COMMONWEALTH CASUALTY CO. v. SPOHN.

*Insurance—Construction of policy—Meaning of language not added to by implication or intendment—Usual and ordinary meaning adopted in determining intention of parties— Interpretation favorable to insured adopted, when—Error proceedings—Finding of trial court not disturbed on weight of evidence, when—Accident insurance—Finding that insured totally disabled sustained by evidence.*

1. Where language of insurance policy is clear, plain, and certain, no other meaning can be added by implication or intendment.
2. In construing insurance policy, court must adopt construction best corresponding with intention of parties, which is determined by giving to language sought to be interpreted its plain, usual, and ordinary meaning.

3. If insurance policy is susceptible to different interpretations, one most favorable to insured must be adopted.
4. Where jury is waived, trial judge has same power to pass on sufficiency and weight of evidence as jury would have had, and finding will not be disturbed by reviewing court unless manifestly against weight of evidence.
5. Where from evidence different minds might arrive at different conclusions reviewing court cannot reverse conclusion of judge trying case without jury, unless his judgment is manifestly against weight of evidence or is not supported by any evidence.
6. In action on accident policy, findings of fact by judge trying case without jury, sustained by evidence that insured was totally disabled, causing total loss of time, will not be disturbed by reviewing court.

(Decided January 6, 1926.)

ERROR: Court of Appeals for Richland county.

*Mr. Lewis Brucker* and *Mr. A. B. Mabee,* for plaintiff in error.

*Messrs. Huston & Hutchison,* for defendant in error.

HOUCK, P. J. The plaintiff in error was the defendant below, and the defendant in error was the plaintiff. Hereafter, in this opinion, the parties will be referred to as they stood in the common pleas court.

Plaintiff, W. M. Spohn, brought suit to recover on an accident policy issued to him by defendant, claiming the sum of $5,500, with interest, less a credit of $1,900, for 50 consecutive months total disability, which was caused by a kick from a horse, resulting in a broken leg.

The cause was submitted to a trial judge in the common pleas court. By agreement of parties and

counsel, a jury was waived. The court, after hearing the evidence, found under the facts and law for the plaintiff, and entered a judgment against the defendant in favor of plaintiff as prayed in the petition.

The facts, briefly stated, are:

On the 6th day of July, 1917, Spohn entered into a contract with defendant for accident insurance. At the time of the making of the application and the issuing of the policy, Spohn was one of the commissioners of Richland county, Ohio. At that time and long time prior thereto he was engaged in farming. He had no other business or profession. He paid the premium required by the contract, and on the 15th day of July, 1918, and the. 15th day of July, 1919, he paid renewal premiums; the same being accepted by the company. In July, 1920, he sent his check, in the same manner that premiums theretofore had been paid, for the payment of a renewal premium from July 15, 1920, to July 15, 1921, but the company refused to receive further premiums. On the 27th day of April, 1919, he was kicked by a horse, and his right leg was broken, and for 50 consecutive months thereafter he was under the treatment of a physician and surgeon. Spohn duly notified the company of the accident, and furnished to it all notices and proofs, under the terms of the policy, and as requested by the company. The defendant, from time to time, paid Spohn a total of $1,900.

The policy provides, in Section 3, for the payment of the sum of $100 per month "for the period of total loss of time commencing on date of accident, during which such injury alone shall wholly and

continuously disable and prevent the insured from performing any and every duty pertaining to any business or occupation, the company will pay accident indemnity at the rate specified in Section 1.''

Section 10 provides: ''The indemnity on any claim accruing under Section 3 or 8 shall be increased 10 per cent. if the premiums thereon are paid annually in advance.''

The premiums were paid annually in advance until July, 1920, when the company notified Spohn it would accept no more premiums under the policy.

The respective claims of the parties to this suit were ably presented to the court in oral argument and written briefs, which materially aided us in our examination of the large record and the many exhibits attached thereto. The authorities cited were also helpful.

We are indebted to learned counsel for the defendant, the Commonwealth Casualty Company, of Philadelphia, Pa., for the clear and terse manner in which they stated in their brief the decisive questions involved in a proper determination of the case now under review, as follows:

''Our contention is that under a fair construction of the policy, Mr. Spohn, if he was entitled to any indemnity, should have applied under the partial disability clause.

''The court will also observe that under the total disability clause, Mr. Spohn was required, in order to recover, to show two things: First. That there was a period of total loss of time, commencing on the date of the accident. Second. He must also show that such injury alone, wholly and continuously disabled and prevented the insured from per-

forming any and every duty pertaining to any business or occupation; and our contention is, under the evidence in this, the plaintiff failed on both of these propositions.''

1. It is insisted by counsel for the defendant that under a proper construction of the contract of insurance between plaintiff and defendant, and the proven facts, if any recovery could be had on the part of Spohn, it was under the partial disability claim.

We have read and examined this insurance contract with much care, and we find therein no ambiguity so far as its provisions relate to the rights of the insured to recover for total or partial disability under a state of facts warranting such recovery. The language is clear, plain, and unambiguous, and no uncertainty as to the respective rights of the parties, concerning the subject-matter, appears therein.

There is no room for construction, when the language sought to be construed is as clear, plain, and certain in meaning as we find it to be in the present case. When the meaning is plain, another meaning cannot be added by implication or intendment. Thus in the construction of an insurance policy it is the duty of the court to adopt that construction of the policy which in its judgment will best correspond with the intention of the parties, which intention must be determined by giving to the language sought to be interpreted its plain, usual, and ordinary meaning.

The language and provisions of the policy under consideration, in our judgment, are not susceptible to different interpretations. However, if they were,

the one most favorable to the insured must be adopted.

"Policies of insurance which are prepared by the insurance company and which are reasonably open to different interpretations will be construed most favorably to the insured. Courts will have in mind the relation of the parties to each other. They will give the language of the contract the meaning on which the minds of the parties may be said to have met and which will effectuate their object in entering into it." *Mumaw* v. *Western & Southern Life Ins. Co.*, 97 Ohio St., 1, 119 N. E., 132.

2. Two questions of fact were presented, under the evidence, for determination by the trial judge.

(a) Was Spohn totally disabled from the date of his injury for 50 consecutive months thereafter?

(b) Did such total disability, if it existed, cause a total loss of time and prevent Spohn from performing any and every duty pertaining to any business or occupation?

We need only to remind counsel that, a jury having been waived, and the cause having been submitted to a trial judge, he had the same power, authority, and right to pass upon, not only the sufficiency, but the weight of the evidence, as a jury would have had, and that a reviewing court will not disturb such finding unless it clearly and fully appears from the evidence that such finding and judgment are manifestly against the weight of the evidence.

It also follows that, under the same circumstances, where from the evidence different minds might arrive at different conclusions or a different judgment, a reviewing court is without authority to reverse the trial judge.

Upon these two questions of fact there was, if the record is to be relied upon, a sharp conflict in the testimony; yet, under the rule herein laid down, this court is without legal right or authority to enter a reversal of the lower court, unless upon the whole record we affirmatively find that the judgment is manifestly against the weight of the evidence, or that the judgment is not supported by any evidence. This we do not find. Upon the other hand we find and hold, under the evidence, that the lower court is fully sustained in its judgment entered in this case; the same being based on the facts and law.

"The judgment of a trial judge who has passed upon the sufficiency and weight of the evidence will not be disturbed, where the evidence is such that different minds might reach different conclusions." *Loney* v. *Hall,* 8 Ohio App., 154.

"In order that an issue should be required to be submitted to the jury it is not essential that there be such a conflict in the testimony of different witnesses as makes it necessary for the jury to determine disputes or questions of veracity. That is not the only province of the jury. They have another important function and duty. Where there is no dispute or conflict in the testimony of different witnesses, but nevertheless the unconflicting testimony discloses a variety of circumstances from which different minds may reasonably arrive at different conclusions as to the ultimate fact shown by such evidence, then it is the duty of the jury [in the case at bar the trial judge] to determine such ultimate fact, even though the trial judge should himself be convinced as to what the conclus-

ion should be." *Hickman* v. *Ohio State Life Ins. Co.*, 92 Ohio St., 87, 95, 110 N. E., 542, 544.

Counsel for defendant in their brief say: "Spohn, claiming under the total disability clause, must stand or fall on the proposition that from the time of his accident he was wholly and continuously disabled and prevented from performing any and every duty pertaining to any business or occupation, and the burden was wholly upon him to show this fact."

This is and was the vital question of fact in the case. The lower court found in favor of Spohn, and this must stand, unless we find from the testimony, as contained in the bill of exceptions, that there was no evidence to sustain this finding of fact. As already indicated, we are of the unanimous opinion that there was an abundance of evidence to sustain the claim of Spohn upon this disputed question of fact.

We are fully satisfied that, under the three decisions herein cited, this court is without any authority, under the record facts, to disturb the judgment of the common pleas court.

For the reasons stated, and for the further reason that substantial justice has been done both parties to this lawsuit, the judgment of the common pleas court is affirmed.

*Judgment affirmed.*

SHIELDS and PATTERSON, JJ., concur.