FINNEY ET AL. *v.* MOREHOUSE ET AL.

(Decided October 10, 1927.)

*Mr. Benjamin F. James,* for plaintiffs in error
*Mr. S. W. Bowman,* for defendants in error.

HOUCK, J.   This cause comes into this court upon
a petition in error, supported by a bill of exceptions
filed for the purpose of reversing a judgment of the

court of common pleas of Wood county. The parties here stand in the same order as they stood in the lower court. The basis of the suit in the common pleas court was to set aside, cancel, and hold for naught three deeds which were executed and delivered by the grantor, Leonard Morehouse, in his lifetime, to one Anna Morehouse; the real estate in question being located in Milton township, Wood county. The case was submitted to the trial judge upon the pleadings and evidence, and a judgment was entered in favor of the defendants, finding and holding that, at the time of the execution and delivery of the deeds in question, the grantor, Leonard Morehouse, was qualified in fact and law to make said deeds, and was not unduly influenced in so doing.

The errors complained of by plaintiffs in error, upon which reliance is had to set aside and vacate the judgment entered below, are as follows: (1) In the admission and exclusion of evidence. (2) That the judgment is manifestly against the weight of the evidence, and, in fact, is not supported by sufficient evidence.

First. In order to properly determine whether or not the claimed errors are supported by the record, it was necessary for us to read the testimony and examine the exhibits offered in the trial below, which we have done at the expense of no little time and labor.

Coming now to the first ground of error: Did the trial judge err in the admission and exclusion of evidence? We are not inclined to enter into a lengthy discussion with reference to this claimed error, and deem it only necessary to say that an

examination of the record leads us to the unanimous conclusion that there is no prejudicial error that would warrant a reversal of the judgment below, based on the admission or exclusion of evidence. While there may have been, and no doubt were, technical errors in this respect, they were not of such a character as would warrant the reversal of the judgment entered in this case.

Second. Was the grantor, Leonard Morehouse, unduly influenced in the making and execution of the deeds in question by Anna Morehouse, or any other person or persons? The proper solution and answer to this question is determinative of this lawsuit.

An examination of the evidence discloses that, upon the question whether Leonard Morehouse was or was not unduly influenced in the execution and delivery of the three deeds conveying the property in question to Anna Morehouse, there is and was a sharp conflict. Yet a reviewing court is not authorized to set aside a judgment upon the ground of a conflict in the testimony, unless, upon the entire case, and upon a review of all of the evidence offered, it is clearly apparent that an erroneous judgment was entered. In other words, it is for the jury, or the trial judge, who saw the witnesses and heard them testify, and who had an opportunity to observe the manner in which their testimony was given and their interest or lack of interest in the outcome of the trial, to pass upon and determine as to the truthfulness of their testimony. We need but cite and quote from the following case, which has been held by this court to be the law under a state of facts similar to those in the case at bar:

"It follows that where a trial judge, who has the same power, authority and right to determine as to the sufficiency as well as the weight of the evidence as a jury, has determined a case in which different minds might arrive at different conclusions, or different results, from the same evidence, a reviewing court has no authority to reverse such judgment, unless upon the whole record it is clearly manifest that a different judgment should have been rendered. This we do not find." *Loney* v. *Hall,* 8 Ohio App., 154, 156.

In passing, we feel it only proper to say that undue influence such as will invalidate a deed or will is not easy to define with exactness and precision. Nevertheless, it must be such as to control the mental operations of the grantor or testator, overcome his power of resistance, and oblige him to adopt the will of another, thus producing a disposition of property which the grantor or testator would not have made if left freely to act according to his own pleasure. It may further be stated that the means of control are not important, and may consist of force of coercion, violence or threatened violence, or moral coercion. Further, the extent or degree of influence is wholly immaterial, if sufficient to make the act in question the act of another rather than the expression of the mind and heart of the grantor or testator.

It is rather refreshing to judge, lawyer, and laymen to refer to the learned opinion of Judge Voorhees, as it appears in *Kime* v. *Addlesperger,* 2 C. C. (N. S.), 270, 14 C. D., 397. The second paragraph of the syllabus reads:

"The proper test of mental capacity on the part

of one executing such a deed is his relations to those who are the natural objects of his bounty, and his capacity to understand to a reasonable degree the condition of his property and the nature and effect of what he is doing."

The third paragraph of the syllabus reads:

"The fact that one of the parties to such a conveyance was well along in years, and the father of and living with the grantee, does not put upon the grantee the burden of showing affirmatively that there-was no undue influence exerted or fraud practiced, but the ordinary rule prevails that fraud and undue influence must be proven by the one alleging them."

On page 275 of the opinion we find the following:

"It is not expected that men, when they become advanced in years, retain the same mental powers that they possessed when young; that cannot be expected, and the law does not contemplate such conditions; if that were required it would be impossible for a large proportion of men to dispose of their property in the latter part of their lives when such dispositions are usually made. A person's memory may be impaired, his body weak and feeble; he may not be able to labor, or do business as when young; he may ask foolish questions, repeat questions and conversations, and, in the language of some of the books, he may not be always able to recognize his neighbors and friends; yet that does not determine whether he has capacity to transact ordinary business, or such business as we have here under consideration."

We find laid down in the case of *Lessee of Lore's Heirs* v. *Truman,* 10 W. L. J., 250, the rule of law

that the same rules as to mental capacity apply to deeds as to wills. If a grantor has sufficient intellect to understand, in a general way, the nature and effect and immediate consequences of the transactions, and consented to them, they are valid and binding. This we find and hold is pertinent to the instant case.

After all the outstanding question to be determined by the record before us under review is: Was the grantor in the three deeds in the case now under review deceived or misled by any representation, or was he coerced by threats, solicitations, or persuasions, or by mercenary kindness or attention, or influenced by constant pressure of a dominating or controlling mind, which would constrain or induce him to do, in the execution of said deeds or either of them, that which he would not have done of his own inclination? It occurs to us that further comment is unnecessary save and except to say that, measuring the undisputed facts by the rules of law herein laid down, but one conclusion can be reached, and that is that the judgment of the common pleas court is right, and should be affirmed.

*Judgment affirmed.*

SHIELDS and LEMERT, JJ., concur.

Judges of the Fifth Appellate District sitting in place of Judges RICHARDS, WILLIAMS, and LLOYD, of the Sixth Appellate District.