## TESAR MOTOR TRUCK CO. *v.* KRAMER.

(Decided December 3, 1928.)

*Messrs. Quigley & Byrnes* and *Mr. Wm. A. Kane,* for plaintiff in error.

*Mr. J. L. Mihelich,* for defendant in error.

SULLIVAN, P. J.   This cause is here on error proceedings.   It appears that there was a collision between two automobiles on August 6, 1927, at the intersection of St. Clair avenue and East Sixty-second street, Cleveland, and defendant in error, who was plaintiff below, recovered a judgment against plaintiff in error, who was defendant below, before a court sitting upon the facts as a jury, and the error assigned is that there was such contributory negligence on the part of plaintiff below that there could be no recovery; but, taking the record altogether, the question upon review is whether the judgment is clearly and manifestly against the weight of the evidence.   There is no question of law which we think is necessary to review excepting the authorities which require that, before a reviewing court can set aside a verdict on the weight of the evidence, it must be done, not because of a mere conflict in the testimony, but because the judgment below is of such a nature that it clearly shows a

misapprehension of the facts and a situation which is so violent that it is a shock to the senses.

Where there are two views susceptible from all the evidence in the case, it is held by our Supreme Court that it is an invasion of the province of the jury for a reviewing court to interfere, regardless of what opinion as to the facts the reviewing court may have. As early as the days when Judge Ranney sat upon the supreme bench of Ohio, it was the law that there could be no reversal had upon the facts, except as a matter of law; and, where there is credible evidence appearing in the record to sustain the verdict, it cannot be disturbed simply because witnesses disagree as to the facts and circumstances at issue. One of the recent cases is *Painesville Utopia Theatre Co.* v. *Lautermilch,* 118 Ohio St., 167, 160 N. E., 683, in which the syllabus reads: "Whenever, from conflicting evidence of the same witness or of different witnesses, it becomes necessary to weigh such conflicting evidence to determine wherein the probable truth lies, or from a combination of circumstances determine an ultimate fact upon the determination of which different minds might reasonably arrive at different conclusions, it is the province of the jury to perform that function. It is reversible error for the court to invade that province of the jury." Other authorities are *Landis* v. *Kelly,* 27 Ohio St., 567; *Loney* v. *Hall,* 8 Ohio App., 154; *Industrial Commission* v. *Pora,* 100 Ohio St., 218, 125 N. E., 662; *Crawford* v. *Merrell,* 5 Ohio App., 146; *City Ry. Co.* v. *Shively,* 17 Ohio App., 172.

Holding these views, the judgment of the lower court is hereby affirmed.

*Judgment affirmed.*

VICKERY and LEVINE, JJ., concur.