ACCEPTED
06-14-00214-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
2/24/2015 11:55:56 AM
DEBBIE AUTREY
CLERK

## No. 06-14-00214-CR

RECEIVED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
2/24/2015 11:55:56 AM
DEBBIE AUTREY
Clerk

IN THE

SIXTH COURT OF APPEALS

AT TEXARKANA, TEXAS

EX PARTE: RAY LOUIS JOHNSON, JR.

APPEAL FROM
THE 8TH DISTRICT COURT OF HOPKINS COUNTY, TEXAS
TRIAL COURT NOS. 0317178, 0317179 & 0317180

APPLICANT'S BRIEF

Wade A. Forsman
P.O. Box 918
Sulphur Springs, TX  75483-0918
903.689.4144, f. 903.689.7001
**wade@forsmanlaw.com**

**Attorney for Applicant
Ray Louis Johnson, Jr.**

ORAL ARGUMENT REQUESTED

**Applicant's Brief**

IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 38(a), the following is a list of all

parties to the trial court's order made the basis of this applicant, as well as the names

and addresses of all trial and appellate counsel:

**Applicant**
Ray Louis Johnson, Jr.

**Applicant's appellate counsel**
Wade A. Forsman
P.O. Box 918
Sulphur Springs, TX  75483-0918
903.689.4144 telephone
903.689.7001 facsimile
**wade@forsmanlaw.com**

**Applicant's trial counsel**
Roland M. "Ron" Ferguson, Jr.
1804 Woodbridge Drive
Sulphur Springs, TX  75482
903.335.8412 telephone

**The State of Texas**

**State's trial & appellate counsel**
Hopkins County District Attorney
ATTN: Will Ramsay[1]
114 Main Street
Sulphur Springs, TX  75482
903.885.0641 telephone
903.885.0640 facsimile
**willramsay@suddenlinkmail.com**

---

[1] The District Attorney on October 31, 2003 was Mr. Frank Long. He is now in private practice

## TABLE OF CONTENTS

Identity of Parties and Counsel …………………………………………………… i

Table of Contents ……………………………………………………….. iii

Index of Authorities ……………………………………………………. v

Statement of the Case ……………………………………………….. 1

Issue Presented ………………………………………………………... 2

POINT OF ERROR NO. 1: The trial court abused its discretion by failing to conduct a full evidentiary hearing on Applicant's assertion that his guilty plea on a first-degree felony was not made competently because he was under the influence of a controlled substance pursuant to instructions from a health care provider.

Statement of Facts ……………………………………………………….. 3

Standard of Review……...……………………………………………7

Argument …………………………………………………………............... 8

I. *Ex Parte Whistance* – A Case with Similar Facts……………………….. 8

II. *Ex Parte Whistance* -- The Trial Court There Responds Differently Than the Trial Court Here …………………………………………..9

Prayer …………………………………………………………………..11

Certificate of Word Count …………………………………………………..12

Certificate of Service……………………………………………………...12

Applicant's Appendix – List of Documents ………………………….. 13

# INDEX OF AUTHORITIES

**Cases**

*Avery v. State,*
     359 S.W.3d 230 (Tex. Crim. App. 2013) …………………………………….3

*Downer v. Aquamarine Operators, Inc.,*
     701 S.W.2d 238, 241 (Tex. 1985),
     *cert. denied*, 476 U.S. 1159 (1985) ……………………………………………11

*Ex Parte Resendiz,*
     06-14-00170-CR,
     2015 Tex. App. LEXIS 191 (Tex. App. – Texarkana Jan. 13, 2015) ……..7, 8

*Ex parte Villanueva*,
     252 S.W.3d 391 (Tex. Crim. App. 2008) …………………………………8

*Ex Parte Whistance*,
     No. 02-07-280-CR,
     2007 Tex. App. LEXIS 7937 (Tex. App. – Fort Worth, Oct. 4, 2007),
     *pet. discretionary review refused*,
     2008 Tex. Crim. App. LEXIS 349 (Tex. Crim. App. March 5, 2008) ……8, 9

*Forrest v. State*,
     805 S.W.2d 462 (Tex. Crim. App. 1991) …………………………………...11

*State v. Wilson,*
     324 S.W.3d 595 (Tex. Crim. App. 2010) …………………………………11

**Statutes**

TEX. CODE CRIM. P. art. 11.072 …………………………………………………9

**Court Rules**

Tex. R. App. P. 9.4(i)(3) ……………………………………………………… 12

Tᴇx. R. Aᴘᴘ. P. 38(a) ………………………………………………………… i

## No. 06-14-00214-CR

_____

In the

Sixth Court of Appeals

at Texarkana, Texas

_____

## Ex Parte: Ray Louis Johnson, Jr.

_____

Appeal from

the 62ᵗʰ District Court of Hopkins County, Texas

Trial Court Nos. 0317178, 0317179 & 0317180

_____

## Applicant's Brief

_____

## Statement Of The Case

The Applicant, Ray Louis Johnson, Jr., appeals the order titled *Order Denying Relief Pursuant to Section 11.072, TCCP, and Issuance of Findings of Fact and Conclusions of Law*, issued by the trial court, the Honorable Will Biard presiding, on November 17, 2014 ("Order").

## ISSUES PRESENTED

POINT OF ERROR NO. 1: The trial court abused its discretion by failing to conduct a full evidentiary hearing on Applicant's assertion that his guilty plea on a first-degree felony was not made competently because he was under the influence of a controlled substance pursuant to instructions from a health care provider.

## STATEMENT OF FACTS

*\*\*\*The following facts are taken from the file of the trial court\*\*\**

On October 30, 2003, the Applicant, Ray Louis Johnson, Jr. ("Johnson"), was seen by Dr. Richard T. Rehnquist, DDS, in Mount Vernon, Texas (App. 16). Johnson did not do this on his own. That is because Johnson was in the custody of the Hopkins County Sheriff's Office ("HCSO") at the time (App. 22), and it was HCSO that took Johnson to see Dr. Rehnquist.

Dr. Rehnquist performed oral surgery on Johnson (App. 16, 16, 22). After the surgery, Dr. Rehnquist prescribed hydrocodone for Johnson (App. 15, 22). Hydrocodone is a Schedule II controlled substance.[2] Johnson also prescribed promethazine (25 mgs)(App. 22).[3]

The following morning, HCSO brought Johnson to the courtroom in Sulphur Springs of the 8th Judicial District Court of Hopkins County, Texas, the Honorable Robert Newsom presiding. A bench trial was set for that day and time, *i.e.*, the morning of October 31, 2003 (App. 22), and Johnson was the defendant, for he had been charged with aggravated sexual assault of a child, a first-degree felony.

---

[2] *See Avery v. State,* 359 S.W.3d 230, 234 (Tex. Crim. App. 2013).

[3] Promethazine is not a controlled substance in and of itself.

**Applicant's Brief**                                                                 **Page 3**

Johnson was still under the influence of medication, including hydrocodone, on the morning of October 31, 2003 when he entered the courtroom (App. 23). That is because in compliance with Dr. Rehnquist's instructions, Johnson was ingesting a 10 mg pill of hydrocodone every four hours, and he was taking promethazine (25 mgs) once per day. For that reason Johnson ingested a 10 mg pill of hydrocodone **thirty (30) minutes** before the commencement of trial (App. 22).

Judge Newsom noticed Johnson's impaired condition, and he asked Johnson's trial counsel, Mr. Ron Ferguson, if Johnson was "*alright*" (App. 23, 24). In response to this query, Johnson interrupted and personally informed the trial judge of his oral surgery the day before (App. 23, 24).

It was on this same day, *i.e.*, October 31, 2003, when Johnson pleaded guilty to aggravated sexual assault of a child (App. 04, 05). Following Johnson's plea of guilty, the trial court sentenced Johnson to ten years of deferred probation (App. 06).

Johnson did not successfully complete his deferred probation. On February 21, 2005, and in response to the first amended motion to proceed with adjudication,[4] the trial court adjudicated Johnson guilty of the offense of sexual assault of a child (App. 09, 10). The trial court then sentenced Johnson to confinement for 40 years with the Texas Department of Criminal Justice ("TDCJ")(App. 09, 10).

---

[4] The State filed this on January 24, 2005.

Since that time Johnson has repeatedly challenged the validity of the guilty plea he entered on October 31, 2003. On April 5, 2007, Johnson wrote the following to the trial court:

> When I signed for the initial plea . . . I was under the influence of pain medication that prevented voluntary and knowing intelligence [sic] of the pains and penaltis [sic] . . . thereof. . . . (App. 12)

On July 2, 2010, Johnson filed *pro se* what he titled a "motion to withdraw guilty plea" in which he wrote the following:

> When the guilty plea was obtained by the State on October 31, 2003, [I] was unable to properly consider the consequences and serious nature of the proceedings, as [I] was under the influence of hydrocodone . . . [I] had been prescribed hydrocodone as treatment for oral surgeon [sic] by Dr. Rehnquist. (App. 15, 16).

Finally, on May 15, 2014, Johnson filed the present application for a writ of habeas corpus, which he has brought pursuant to article 11.072 of the Texas Code of Criminal Procedure (App. 21). In that document, as with his prior documents, Johnson avers that he did not make his guilty plea on October 31, 2003 competently because of the hydrocodone he had ingested, for a legitimate medical purpose, in compliance with Dr. Rehnquist's orders. In that application Johnson also avers that Ferguson, his trial attorney, provided him with ineffective assistance of counsel.

Johnson's article 11.072 application found its way back to the trial court – specifically, the 62nd Judicial District Court, the Honorable Will Biard presiding.[5] On November 17, 2014, Judge Biard entered an order titled *Order Denying Relief Pursuant to Section 11.072, TCCP, and Issuance of Findings of Fact and Conclusions of Law* ("Order")(App. 31). In the Order Judge Biard made the following findings of fact:

1. *On October 31, 2003, [Johnson's] trial counsel [i.e., Ferguson] affirmatively represented that [Johnson] was competent and understood the proceedings (Written Plea Admonishments).*

2. *The trial judge, Honorable Robert Newsom, was best suited to determine [Johnson's] competency at the time his plea was entered on October 31, 2003.*

3. *On October 31, 2003, at the time [Johnson's] plea was entered and accepted, the trial judge, Honorable Robert Newsom, made a finding of fact that Applicant was competent. (Written Plea Admonishments).*

4. *On February 21, 2005, [Johnson] pled [t]rue to the allegations contained in the State's Motion to Proceed with Adjudication. Again on February 21, 2005, [Johnson] confessed that at the time of his plea on October 31, 2003, he was the same person that pled guilty, that he understood the consequences of his plea, and that he read and understood the terms and conditions of his probation.*

---

[5] The current judge for the 8th Judicial District Court is now the Honorable Eddie Northcutt. Johnson's application was transferred to the 62nd Judicial District Court from the 8th Judicial District because prior to taking the bench Judge Northcutt had represented Johnson, albeit briefly, in connection with a motion to proceed.

Judge Biard then made the following conclusion of law:

1.   *Applicant was competent at the time his plea was entered on October 31, 2003.*

2.   *Applicant fully understood the consequences of his plea and placement on deferred adjudication.*

3.   *Applicant did not raise the issue of competency at the time he pled true to the State's Motion to Proceed with Adjudication on February 21, 2005.*

4.   *As this Court has determined that Applicant was competent at the time of his plea, the Court further finds that Applicant's trial counsel was not ineffective.*

For the Court's convenience, a true and correct copy of the Order is attached. (App. 31). According to Order, Judge Biard entered the foregoing findings and conclusions "[*a]fter reviewing the files*[.]"

## STANDARD OF REVIEW

The standard of review is abuse of discretion. *Ex Parte Resendiz,* 06-14-00170-CR, 2015 Tex. App. LEXIS 191, *2 (Tex. App. – Texarkana Jan. 13, 2015) (citing cases).

POINT OF ERROR NO. 1: The trial court abused its discretion by failing to conduct a full evidentiary hearing on Applicant's assertion that his guilty plea on a first-degree felony was not made competently because he was under the influence of a controlled substance pursuant to instructions from a health care provider.

Johnson attacks the validity of the guilty plea he made on October 31, 2003 while he was still recovering from oral surgery. Such an attack is permitted by *Ex parte Villanueva*, 252 S.W.3d 391, 395 (Tex. Crim. App. 2008), *followed in Ex Parte Resendiz,* 06-14-00170-CR, 2015 Tex. App. LEXIS 191, *3 (Tex. App. – Texarkana Jan. 13, 2015) (citing cases). Johnson's subsequent adjudication and resultant incarceration in February 2005 are not valid because when Johnson entered his guilty plea on October 31, 2003 he was still under the influence of hydrocodone and promethazine, which he was taking in compliance with the orders of a health care provider – namely, Dr. Rehnquist.

## I.     *Ex Parte Whistance* – A Case with Similar Facts

The Court of Appeals in Fort Worth considered a case with similar background facts. *See Ex Parte Whistance*, No. 02-07-280-CR, 2007 Tex. App. LEXIS 7937 (Tex. App. – Fort Worth, Oct. 4, 2007), *pet. discretionary review refused*, 2008 Tex. Crim. App. LEXIS 349 (Tex. Crim. App. March 5, 2008). In that

case the defendant, Ms. Brandi Nicole Whistance, pleaded guilty to a felony,[6] for which she was placed on deferred probation. *Id.* at *1. A little over a year later, the State filed a motion to adjudicate, after which Whistance ultimately filed an application for a writ of habeas corpus pursuant to article 11.072 of the Texas Code of Criminal Procedure. *Id.* at **1-2.

In her application, Whistance averred that she had been under the influence of a controlled substance, methamphetamines, when she pled guilty, and that "but for [her] being under the influence of methamphetamines . . . [she] would never have pled guilty." *Id.* at *3. Indeed, the Fort Worth Court of Appeals noted that Whistance had tested positive for that substance on the very same day when she pleaded guilty. *Id. at *3.

## II. *Ex Parte Whistance* -- The Trial Court There Responds Differently Than the Trial Court Here

The trial court in *Whistance* did more than review Whistance's plea papers. Instead, the trial court in *Whistance* responded to Whistance's application under article 11.072 in the following three ways.

First, the trial court in *Whistance* reviewed two affidavits – one from the judge who heard Whistance's plea, and another from Whistance's attorney at the time

---

[6] The felony was forgery of a financial instrument.

when Whistance pleaded guilty. *Id.* at \*4. The Court in *Whistance* also considered expert evidence offered by the State showing that a positive urinalysis for methamphetamine is not necessarily the same as being under the influence of methamphetamine. *Id.* at \*\*8-9. Finally, the trial court in *Whistance* considered evidence offered by the State which showed that at the time of Whistance's plea no one in the courtroom had witnessed any behavior by Whistance that would have indicated she was under the influence of methamphetamine. *Id.* at \*9.

**<u>The trial court in the present case did none of these things.</u>** It neither sought nor reviewed any evidence, affidavit or live, from Judge Newsom. It neither sought nor reviewed any evidence, affidavit or live, from Ferguson. It neither sought nor reviewed any dental records or live testimony from Dr. Rehnquist. Unlike *Whistance,* it neither sought nor reviewed any evidence from experts – this case about the degree of impairment, if any, that normally results from having oral surgery 24 hours earlier, or about the degree of impairment that normally results from taking pain medication like a 10 mg pill of hydrocodone every four hours.

There is no evidence the trial court here ever bothered to seek, much less review, the jail records from the HCSO to see if Johnson had indeed been prescribed 10 mg of hydrocodone from a health care provider like Dr. Rehnquist. Certainly, the

trial court in the present case made no effort to bench warrant Johnson and obtain evidence from him directly.

Instead, the trial court in this case states in the Order what it did do, and it is not much. According to the Order, the trial court "*review[ed] the files*." Nothing else.

**That is not enough**. Relying on written plea admonishments, without more, does not constitute an inquiry that justifies entering any of the findings of fact and conclusions of law contained in the Order. Indeed, to enter such findings and conclusions solely on this basis of "reviewing the files" constitutes an abuse of discretion. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985) (The test for determining whether a trial court abuses its discretion is whether it acted without reference to any guiding rules or principles**)**, *cert. denied*, 476 U.S. 1159 (1985), *cited in State v. Wilson,* 324 S.W.3d 595, 597, fn. no. 4 (Tex. Crim. App. 2010), and *Forrest v. State*, 805 S.W.2d 462, 464 (Tex. Crim. App. 1991).

## PRAYER

WHEREFORE, Applicant, Ray Louis Johnson, Jr. asks this Court to reverse the order of the trial court, titled *Order Denying Relief Pursuant to Section 11.072, TCCP, and Issuance of Findings of Fact and Conclusions of Law*, dated November 17, 2014, and remand this matter back to the trial court with instructions that it

conduct a full evidentiary hearing on Applicant's assertion that his guilty plea on October 31, 2003 was not made competently because he was under the influence of a controlled substance pursuant to instructions from a health care provider, and/or for such other and further relief to which Johnson may establish himself entitled.

Respectfully submitted,

By: __/s/ Wade A. Forsman_
**Wade A. Forsman**
State Bar No. 07264257
P.O. Box 918
Sulphur Springs, TX  75483-0918
903.689.4144 East Texas
972.499.4004 Dallas/Fort Worth
903.689.7001 Facsimile
**wade@forsmanlaw.com**

**Attorney for Applicant**
**Ray Louis Johnson, Jr.**

## CERTIFICATE OF WORD COUNT

Pursuant to Tex. R. App. P. 9.4(i)(3), this document contains **2,805** words.

__/s/ Wade A. Forsman_
**Wade A. Forsman**

## CERTIFICATE OF SERVICE

This is to certify that on **February 24, 2015**, I served a true and correct copy of the above and foregoing *Applicant's Brief* by email on Will Ramsay, District Attorney, at 114 Main Street, Sulphur Springs, Texas  75482.

__/s/ Wade A. Forsman_
**Wade A. Forsman**

**Nos. 06-14-00214-CR**
_____

IN THE

SIXTH COURT OF APPEALS

AT TEXARKANA, TEXAS

_____

EX PARTE: RAY LOUIS JOHNSON, JR.

_____

APPEAL FROM
THE 8TH DISTRICT COURT OF HOPKINS COUNTY, TEXAS
TRIAL COURT NOS. 03178, 03179 & 03180

_____

APPLICANT'S APPENDIX
_____

LIST OF DOCUMENTS

*\*\*\*Below are certified copies of the following documents\*\*\**

Johnson's plea papers, dated October 31, 2003……………………………… Ex. A

Trial Court adjudicates Johnson on February 21, 2005 ……………………… Ex. B

Johnson's letter to Trial Court, filed April 5, 2007 …………………………...Ex. C

Johnson's "Motion to Withdraw," filed July 2, 2010…………………………….Ex. D

Johnson's Application for Writ of Habeas Corpus pursuant to
art. 11.072 of the Texas Code of Criminal Procedure,
dated May 14, 2014 ………………………………………………………….…….. Ex. E

Order from the Trial Court, titled *Order Denying Relief Pursuant to Section 11.072, TCCP, and Issuance of Findings of Fact and Conclusions of Law,* filed Nov. 17, 2014 ……………………………………………………….....Ex. F

# EXHIBIT

# A



CAUSE NO. 0317178

THE STATE OF TEXAS §

VS. §

Ray Louis Johnson, Jr. §

FILED
At____o'clock____M

IN THE DISTRICT COURT OCT 3 1 2003

8TH JUDICIAL DISTRICT

Hopkins _____ *Patricia Dorner*
COUNTY, TEXAS
HOPKINS COUNTY, TEXAS

## AFFIDAVIT OF INABILITY TO EMPLOY COUNSEL (IF APPLICABLE )

My name is _____. I am too poor and unable to employ legal counsel to represent me on my trial in this cause. I request that the Court appoint an attorney for me.

_____
Defendant

IT IS THEREFORE ORDERED by the Court that _____ be and is hereby appointed as a duly authorized attorney to represent the defendant both prior to and during the trial of this criminal cause of action.

_____
Judge, 8th Judicial District

## WRITTEN PLEA ADMONISHMENTS

TO: Ray Louis Johnson, Jr. , DEFENDANT

pursuant to Art. 26.13 C.C.P., YOU ARE HEREBY ADMONISHED IN WRITING:

1.  You are charged by information or by indictment with the felony offense: Aggravated Sexual Assault of a Child ,

2.  If convicted, you face the following range of punishment:

__✓__ **FIRST DEGREE FELONY:** a term of life or any term of not more than 99 years or less than 5 years in the Institutional Division of the Department of Criminal Justice and in addition, a fine may be imposed not to exceed $10,000.

_____ **SECOND DEGREE FELONY:** a term of not more than 20 years or less than 2 years in the Institutional Division of the Department of Criminal Justice and in addition, a fine may be imposed not to exceed $10,000.

_____ **THIRD DEGREE FELONY:** a term of not more than 10 years or less than 2 years in the Institutional Division of the Department of Criminal Justice, and in addition, a possible fine not to exceed $10,000.

App. 01

THE STATE OF TEXAS VS. *Ray Louis Johnson, Jr.*
CAUSE NO.

_____ **HABITUAL OFFENDER:** a term of life or any term of not more than 99 years or less than 25 years in the Institutional Division of the Department of Criminal Justice.

_____ **FIRST DEGREE ENHANCED:** a term of life or any term of not more than 99 years or less than 15 years in the Institutional Division of the Department of Criminal Justice; and in addition, a fine not to exceed $10,000.

_____ **ENHANCED DRUG POSSESSION:** a term of life or any term of not more than 99 years or less than 10 years in the Institutional Division of the Department of Criminal Justice, and in addition, a possible fine not to exceed $100,000.

_____ **REPEAT SEXUAL OFFENSES:** Life if defendant is convicted of sexual assault, aggravated assault, aggravated kidnaping, aggravated kidnaping with intent to sexually abuse, or burglary with intent to commit a sexual offense and defendant has a prior conviction for sexual performance by a child, child porn, indecency with a child, sexual assault, aggravated sexual assault, prohibited sexual conduct, aggravated kidnaping with intent to sexually abuse, burglary with intent to commit sexual offense or for any offense under the laws of another state with elements substantially similar to those listed above. *Community supervision or deferred adjudication counts as a prior conviction for enhancement purposes for repeat sexual offenses.*

3. **SEX OFFENDER REGISTRATION:** The defendant will be required to meet the registration requirements of Chapter 62 of the Texas Code of Criminal Procedure, if the defendant is convicted of or placed on deferred adjudication for one of the following offenses: (1) indecency with a child, sexual assault, aggravated sexual assault, or prohibited sexual conduct; (2) aggravated kidnaping with intent to violate or abuse the victim sexually; (3) burglary with intent to commit one of the felony offenses previously listed; (4) compelling prostitution, sexual performance by a child, or possession or promotion of child pornography; (5) unlawful restraint, kidnaping or aggravated kidnaping if the papers in the case contain an affirmative finding that the victim or intended victim was younger than 17 years of age at the time of the offense; (6) an attempt, conspiracy, or solicitation to commit one of the offenses previously listed; (7) a second conviction for indecent exposure (deferred adjudication for this offense does not require registration).

4. **PLEA BARGAINS:** If no plea bargain exists, the recommendation of the attorneys is not binding on the Court. If a plea bargain does exist, the Court will inform you if it will not follow the agreement in open court and before any finding on your plea. Should the Court reject the agreement, you will be permitted to withdraw your plea if you desire.

5. **PERMISSION TO APPEAL:** If the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by you and your attorney, the Court must give its permission to you before you can prosecute an appeal on any matter un the case except for matters raised in written motion filed prior to trial.

6. **CITIZENSHIP:** If you are not a citizen of the United States of America, a plea of guilty or nolo contendere for this offense may result in deportation the exclusion from admission to the country, or the denial of naturalization under the Federal law.

7. **DEFERRED ADJUDICATION:** If the Court defers adjudicating your guilt and places you on probation, on violation of any imposed condition, you may be arrested and detained as provided by the law. You will then be entitled to a hearing limited to the determination by the Court of whether to proceed with an adjudication of guilt, on the original charge. No appeal may be taken from this determination. After adjudication of guilt all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and your right to appeal continue as if adjudication of guilt had not been deferred. The Court may set the punishment in your case anywhere within the range of punishment for the offense with which you are charged. *Deferred adjudication counts as a prior conviction for enhancement purposes for repeat sexual offenses.*

App. 02

THE STATE OF TEXAS VS. Ray Louis Johnson, Jr.
CAUSE NO.

8.  **GRAND JURY INDICTMENT:** If you have been charged by information in this case, you do not have to go to trial until a true bill of indictment is returned against you by the Grand Jury of this county. You may waive this right and proceed to trial on an information.

9.  **TIME TO PREPARE:** If your attorney is appointed and has not been appointed for more than ten (10) days, you have a right to have him/her take 10 full days from the date of his/her appointment to allow him/her to prepare further for your trial. You may waive this right and proceed to trial today.

10. **TIME TO PREPARE:** If you are charged by information in this case, you have the right to under the law to two (2) days before you have to be arraigned and ten (10) days before you have to go to trial. You may waive these rights and proceed to arraignment and trial today.

11. **MULTIPLE PROBATION:** If you receive probation in more than one case, future revocations resulting in confinement in I.D.D.C.J. or S.J.D.D.C.J. may be cumulated.

_____
PRESIDING JUDGE

---

### SEX OFFENDER REGISTRATION (IF APPLICABLE)

COMES NOW, the defendant, joined by his counsel, and states that I have been advised of the registration requirements under Chapter 62 of the Texas Code of Criminal Procedure and that I understand those requirements.

_____
DEFENDANT

I have advised the defendant of the registration requirements under Chapter 62 of the Texas Code of Criminal Procedure. I believe the defendant understands those requirements.

_____
ATTORNEY FOR DEFENDANT

App. 03

THE STATE OF TEXAS VS. Ray Louis Johnson, Jr.
CAUSE NO.

COMES NOW the defendant, joined by his counsel, and states that I understand with what I am charged and that I have read the foregoing admonishments of the Court on Pages 1&2 and that I understand the foregoing admonishments and am aware of the consequences of my plea. Understanding all of my foregoing rights, I wish to waive these rights and enter a plea of guilty in this case exactly as I am charged in the charging instrument.

_____
DEFENDANT

I have gone over the foregoing admonitions in detail with the defendant. I have advised the defendant of his rights and the consequences of this plea of guilty. I believe the defendant is competent and understands the foregoing admonitions and all consequences of his plea in this case.

_____
ATTORNEY FOR DEFENDANT

COMES NOW the defendant, joined by my counsel, and states that I am the person named as the defendant in the charging instrument and I waive arraignment, formal service, and reading of the indictment or information. I further state that I am mentally competent and that my plea is freely and voluntarily entered. If counsel is appointed, I give up and waive any right I may have to additional time to prepare for trial. I am totally satisfied with representation given to me by my counsel. He/ She provided fully effective and competent representation. I also waive and give up the right to object to any defect, error or irregularity in the charging instrument, whether to form, substance or procedure. Joined by my attorney, I waive and give up my right to a trial by jury in this case. Also joined by my attorney and under Art. 1.15 C.C.P., I waive and give up the right to appearance, confrontation and cross-examination of the witnesses and I consent to oral and written stipulations of evidence, including my own judicial confession. I waive my right to remain silent. I waive the right to a Pre-Sentence Investigation and report. If a Pre-Sentence Investigation is ordered by the Court, I waive and give up my right of confidentiality to the Pre-Sentence report filed in this case and agree that the report may be publicly filed. If I am being tried on an information, I further waive the right to be tried on an indictment and I agree and request to be tried on the information in this case.

_____
DEFENDANT

We join and approve all the foregoing waivers of the defendant including the waiver of a jury trial, the stipulations of evidence and the making of a judicial confession. In addition, the Court finds as a fact that the defendant is fully competent and this his plea is freely and voluntarily entered.

_____
ATTORNEY FOR DEFENDANT

_____
PRESIDING JUDGE

_____
DISTRICT ATTORNEY
8TH JUDICIAL DISTRICT

By: _____
          Assistant District Attorney

App. 04

THE STATE OF TEXAS VS. Ray Louis Johnson, Jr.
CAUSE NO.

I agree that the Court may receive into evidence and consider my judicial confession which is as follows: I have read the indictment or information filed in this case and I committed each an every allegation it contains. I am guilty of the offense alleged as well as all lesser included offenses as well as all enhancement allegations. I swear to all of the statements and assertions that I have made in this set of plea papers, and I further swear that all testimony I give in the case will be the truth, the whole truth, and nothing but the truth, so help me God.

_____
DEFENDANT

SWORN TO AND SUBSCRIBED to before me on this the 31st day of October, 2003. I further certify that the fingerprint shown on the Judgment or docket sheet filed in this case is if the defendant's index finger of his/her right hand.

_____
DISTRICT CLERK
Hopkins COUNTY, TEXAS

BY: _____
DEPUTY

STATE'S EXHIBIT #1

App. 05

THE STATE OF TEXAS vs. Ray Louis Johnson, Jr.
CAUSE NO.

## PLEA-BARGAIN AGREEMENT

THE DETAILS OF ANY AGREEMENT REACHED AS A RESULT OF PLEA NEGOTIATIONS:

Sentence: Ten (10) years deferred adjudication

Restitution:$ 0.00

Fine: $ 2000.00

Court Costs:$ 263.00

Attorney Fees:$ ~~250.00~~ 500.—

_____ DRIVER'S LICENSE. The Defendant's license, permit and operating privilege is hereby suspended for a period of 180 days. (ONE (1) YEAR FOR THIRD OR MORE D.W.I.)

JUDGE

I hereby agree to the above plea-bargain agreement and further certify under oath that I have never before been convicted of a felony in this state or any other state or in the federal Courts except as follows:

ASSAULT,

DEFENDANT

The above plea-bargain agreement is agreed to by:

_____
DISTRICT ATTORNEY
8TH JUDICIAL DISTRICT

Roland Ferguson
ATTORNEY FOR DEFENDANT

By: _____
    Assistant District Attorney

The District Attorney's office has contacted the complaining witness and/or family of complaining witness and they agree to the plea bargain agreement or have had an opportunity for input in this disposition.

___✓___Yes _____No _____N/A _____Initials

App. 06

THE STATE OF TEXAS VS. Ray Louis Johnson, Jr.
CAUSE NO.

## WAIVER OF APPEAL

Comes now the defendant, joined by his counsel, in writing and in open court and waives and gives up the right to file and the time allowed to file and the right for a court-appointed attorney to file a Motion for New Trial, Motion for Arrest of Judgment, or Notice of Appeal.

_____          _____
DEFENDANT                                          Roland Ferguson
                                                   ATTORNEY FOR DEFENDANT

## WAIVER OF TEXAS CODE OF CRIMINAL PROCEDURE, ARTICLE 38.39

The Defendant, together with his/her attorney of record, Ron Ferguson, hereby waive and give up his/her right to be notified as required by the Texas Code of Criminal Procedure, Article 38.39 and state that this waiver serves as notice of the State's intent to destroy all evidence in it's possession to which Texas Code of Criminal Procedure, Article 38.39 applies. The Defendant acknowledges that notice has been given by the State and hereby waives and gives up his/her right to have the State, clerk or any other officer ensure the preservation of evidence that was in the possession of the State during the prosecution of the case and that at the time of conviction was known to contain biological material that if subjected to scientific testing would more likely than not establish the identity of the person committing the offense or exclude a person from the group of persons who could have committed the offense.

_____          _____
DEFENDANT                                          Roland Ferguson
                                                   ATTORNEY FOR DEFENDANT

## ORDER  CHANGING NAME OF DEFENDANT (IF APPLICABLE)

It is ordered by the Court that all of the papers in this case be changed to reflect the defendant's true name of _____.

_____
PRESIDING JUDGE

A CERTIFIED COPY
ATTEST:
CHERYL FULCHER, DISTRICT CLERK
HOPKINS COUNTY, TEXAS
_____ DEPUTY
DATE: _____2-24-15_____

App. 07



A CERTIFIED COPY
ATTEST:
CHERYL FULCHER, DISTRICT CLERK
HOPKINS COUNTY, TEXAS

BY: _____ DEPUTY

DATE: _____

App. 08

# EXHIBIT

# B

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 8TH JUDICIAL 5: 08 |
| | § | |
| VS. | § | DISTRICT COURT |
| | § | HOPKINS COUNTY, TEXAS |
| RAY LOUIS JOHNSON, Jr. | § | HOPKINS COUNTY, TEXAS |

## JUDGMENT ADJUDICATING GUILT

January 2005
TERM, A.D.

JUDGE PRESIDING: **ROBERT NEWSOM**     DATE OF JUDGMENT: 2/21/05

ATTORNEY
FOR STATE: **MARTIN E. BRADDY**

ATTORNEY
FOR DEFENDANT: *Louis Merren*

OFFENSE CONVICTED OF: **AGGRAVATED SEXUAL ASSAULT OF A CHILD (22.021 T.P.C.)**

**FIRST DEGREE** FELONY     DATE OFFENSE COMMITTED: **10-1-02**

TERMS AND CONDITIONS VIOLATED
AND GROUNDS FOR REVOCATION:     (SEE ATTACHED MOTION TO PROCEED WITH ADJUDICATION)

AS SET OUT IN STATE'S MOTION TO ADJUDICATE GUILT

ORIGINAL PUNISHMENT
ASSESSED:     Ten (10) years deferred adjudication, $2000.00 fine, $263.00 court costs, $0.00 attorney fees and $0.00 restitution

FINDINGS ON USE
OF DEADLY WEAPON:     **N/A**

PUNISHMENT IMPOSED AND
PLACE OF CONFINEMENT:     *40* years in the Institutional Division of the Texas Department of Criminal Justice

AND A FINE OF     $2000.00 balance     DATE TO COMMENCE: 2/21/05

DATE OF SENTENCE: 2/21/05     COSTS: $263.00 balance

TIME CREDITED:     4-23-03 to 10-31-03; 1/10/05 To present
                                                        RESTITUTION: $0.00 balance

CONCURRENT UNLESS OTHERWISE SPECIFIED.

On this day, set forth above, Defendant, with his above named attorney appeared in open Court. After examining the report of the Probation Officer and the Motion to Proceed with an Adjudication of Guilt filed herein; and after hearing the evidence offered by both the State and Defendant, the Court is of the opinion and finds that since Defendant was placed on probation herein, Defendant has violated the terms and conditions of his probation as shown above.

It is therefore ORDERED, ADJUDGED and DECREED by the Court that the Order deferring adjudication of guilt, and placing Defendant on Probation heretofore entered in this cause be, and the same is hereby set aside and of no further force and effect.

1

App. 09

THE STATE OF TEXAS VS. RAY LOUIS JOHNSON
CAUSE NO. 0317178

It is therefore CONSIDERED and ADJUDGED by the Court, that the said Defendant is guilty of the commission of the offense named above and that the offense was committed on the date shown above and that Defendant be punished by confinement in the Institutional Division of the Department of Criminal Justice for the above specified time, and that the State of Texas do have and recover of Defendant all costs in this prosecution expended, for which execution will issue, and that said Defendant be sentenced in accordance with said assessment of punishment.

THEREUPON the said Defendant was asked by the Court whether he had anything to say why said sentence should not be pronounced against him, and he answered nothing in bar thereof, and it appeared to the Court that Defendant is mentally competent and understanding of the proceedings, the Court proceeded, in the presence of said Defendant, his counsel also being present, to pronounce sentence against him.

IT IS THE ORDER OF THE COURT, that the said Defendant, who has been adjudged to be guilty of the above named offense and whose punishment has been assessed by the Court as shown above be delivered by the Sheriff of HOPKINS County, Texas, immediately to the Director of the Department of Criminal Justice for the above specified time in accordance with the provisions of the law governing the Department of Criminal Justice and Defendant is remanded to jail until said Sheriff can obey the direction of this sentence. It is further ordered that Defendant pay court costs, restitution or reparation, as set forth herein.

THE COURT FURTHER ORDERS the Defendant to pay restitution and costs of court. Said restitution shall be paid to N/A.

And Defendant is remanded to jail until said Sheriff can obey the directions of this Judgment.

PRESIDING JUDGE

A CERTIFIED COPY
ATTEST:
CHERYL FULCHER, DISTRICT CLERK
HOPKINS COUNTY, TEXAS

_____ DEPUTY

DATE: _____2-24-15_____

JUDGMENT ADJUDICATING GUILT

Left Thumb_____

Right Thumb_____

2

App. 10



A CERTIFIED COPY
ATTEST:
CHERYL FULCHER, DISTRICT CLERK
HOPKINS COUNTY, TEXAS

BY: _____ DEPUTY

DATE: _____

App. 11

# EXHIBIT

# C

Ray Louis Johnson, JR.
TDCJ-ID #1294474
Neal Unit
9055 Spur 591
Amarillo Texas 79107-9696

FILED
07 APR -5 PH 3:58
PATRICIA DENNER
DISTRICT CLERK
HOPKINS COUNTY, TEXAS

Honorable Judge
Robert E. Newsom
Court house 3RD Fl.
118 Church ST.
Sulphur Springs, Texas 75482

RE: The state of Texas vs. Ray Louis Johnson, JR. Cause No.
0317178, 0317179, 0317180

Dear Judge Newsom!

I, humbly, Motion/Petition your Discretion and Powers To Correct my Sentence, pursuant To Trk. C.C.P. art SS 12.32, 12.33, 12.34 in the above numbered Causes. When I signed for the initial plea bargain (Contract) I was under the influence of pain medication that prevented voluntary and knowing intelligence of the pains and penalties and requirements there of.

My Sentences exceed, on Counts 2 and 3, enacted punishment ranges established by the Texas Legislature Please use your discretion and power To help me correct my Judgment and sentence in line with legislative intents.

- Page one of Two -      App. 12

The indictment for #0317179 filed 03 Jul 29 pm 2:19 stamped Patricia Dainer, District Clerk, Hopkins County, Texas contained the following count:

Count 1-Aggravated Sexual Assault of a child (T.P.C. 22.021)
The range of punishment under statute is a 1st Degree felony punishable by imprisonment of 5-99 years or life. I was sentenced to 40 years; see T.P.C. 12.32

Count 2- indecency with of a child (T.P.C 21.11)
the range of punishment under statute is a 2nd or 3rd Degree felony punishment by imprisonment of a minimum of 2-10 years to a maximum of 2-20 years. my sentence on this count was 40 years which exceeds the statute range by a minimum of 20 years and or a maximum of 30 years; see T.P.C. 12.33 and 12.34.

Count 3 - Indecency with of a child (T.P.C. 21.11)
the range of punishment under statute is a 2nd or 3rd degree felony punishable by imprisonment of a minimum of 2-10 years to a maximum of 2-20 years. my sentence on this count was 40 years which exceeds the statute range by a minimum of 20 years and or a maximum of 30 years; see T.P.C. 12.33 and 12.34.

Respectfully any sentence that exceeds the statutory maximum is void and may be raised at anytime see Ex Parte Miller, 921 S.W 2d 239 Tx.Crim app 1996)

this the 2 day of April, 2001

A CERTIFIED COPY
ATTEST:
CHERYL FULCHER, DISTRICT CLERK
HOPKINS COUNTY, TEXAS

_____ DEPUTY
DATE: 2-24-15

Respectfully Submitted
Ray Louis Johnson J.R.

App. 13

App. 14



A CERTIFIED COPY
ATTEST:
CHRYL FULCHER, DISTRICT CLERK
HOPKINS COUNTY, TEXAS

DEPUTY

DATE:

# EXHIBIT

# D

CAUSE NO. 0317178
CAUSE NO. 0317179
CAUSE NO. 0317180

§
§
§

RAY LOUIS JOHNSON)
PETITIONER, )

§
§
§
§
§
§

FILED

2010 JUL -2 AM 9: 27

PATRICIA ........
DISTRICT CLERK
HOPKINS COUNTY, TEXAS

IN THE 8th JUDICIAL DISTRICT

COURT OF HOPKINS COUNTY,

Vs.

§
§
§
§

TEXAS.

STATE OF TEXAS)
. RESPONDENT.

§
§
§
§
§

__MOTION TO WITHDRAW GUILTY PLEA__

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW RAY LOUIS JOHNSON Jr. TDCJ -CID #1294474, Pro se Petitioner in the above cause and numbered styled, files this, his Motion To Withdraw His Guilty Plea pursuant to Art. 26.13 (a) and McGowin v. State, 912 S.W.2d 837 ( App. 5 Dist. 1995), and Petitioner will show unto this Honorable Court the following;

I

Petitioner is currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutional Division. (TDCJ-CID) by means of a conviction for Sexual Assault, and said conviction being obtained pursuant to a guilty plea which was not knowingly and Intelligently made. When this guilty plea was obtained by the State on October 31, 2003, Petitioner was unable to properly consider the consequences and serious nature of the proceedings as Petitioner was under the influence of HYDROCODONE, a drug that seriously impairs cognitive function. Petitioner had been prescribed HYDROCODONE as

1.    App. 15

## 1. CONT:

treatment for ORAL SUREON by Dr. Rehnquist located at 908 Hwy 37 South, Mt Vernon, Tx. 75457.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Petitioner prays that this Honorable Court GRANT his request to WITHDRAW HIS GUILTY PLEA due to the above stated reason(s).

0                    CERTIFICATE OF SERVICE

I, Hereby certify that a true and correct copy of the above Motion To Withdraw Guilty Plea was mailed to the office of the Clerk for the 8th Judicial District Court of Hopkins County, Texas located at P.P. Box 391 Sulphur Springs, Texas 75483, on this 25 day of ___Sun___, 2010 by placing it in the U.S. Mail Box designated for offenders use at the Nathaniel J. Neal Unit at 9055 Spur 591 AMARILLO, TEXAS 79107.

EXECUTED ON THIS 25 DAY OF ___Sun___,2010.

App. 16

## __UNSWORN AFFIDAVIT__

I Ray Louis Johnson, TDCJ-CID #1294474, declare under the penalty of perjury that the foregoing information is true and correct to the best of my knowledge.

Signed Unsworn on this 25 day of Jun ,2010.
(V.T.C.A. § 132.001, 132.003)

RAY LOUIS JOHNSON PRO SE
TDCJ-CID #1294474
NATHANIEL J. NEAL UNIT
9055 SPUR 591
AMARILLO, TEXAS 79107

A CERTIFIED COPY
ATTEST:
CHERYL FULCHER, DISTRICT CLERK
HOPKINS COUNTY, TEXAS

DEPUTY
DATE: 2-24-15

3

App. 17



A CERTIFIED COPY
ATTEST:
CHERYL FULCHER, DISTRICT CLERK
HOPKINS COUNTY, TEXAS

DEPUTY_____

DATE_____

App. 18



RAY LOUIS JOHNSON
TDCJ-CID #1294474
NATHANIEL J. NEAL UNIT
9055 SPUR 591
AMARILLO, TEXAS 79107

AMARILLO TX 791

29 JAN 2010 PM 2 T

Patricia Dorner

LEGAL MAIL

TO: OFFICE OF THE CLERK
P.O. BOX 391
SULPHUR SPRINGS, TEXAS 75483

75483~0391

App. 19

# EXHIBIT

# E



FILED

2014 MAY 15 AM 10: 07

PATRICIA DORNER
DISTRICT CLERK
HOPKINS COUNTY, TEXAS

May 12th 2014

Dear Clerk:

Enclosed is my petitioner for a writ
of Habeas corpus pursuant to §11.072 C.C.P.
this is not an §11.07 writ of habeas corpus

I am challenging the validity of the convictions
imposed which resulted in my prison sentences
being suspended then later revoked.

I am indigent and cant afford the
record and govt code 3522 prohibits me
from purchasing records without counsel.
Please forward me a copy of this writ
I am filing (I cant afford copies) and if
possible send me copies of the records
in this case in order to challenge any
arguments made by the State in its
response, or in the alternative bench
warrant me back in order for me to
view the records.

Respectfully
Ray Louis Johnson Jr.

App. 20

Cause No.s: 0317178A, 0317179-A, 0317180-A

FILED

2014 MAY 15 AM 10: 08

PATRICIA DORNER
DISTRICT CLERK
HOPKINS COUNTY, TEXAS

Ex Parte                        §        In The 8 th Judicial

Ray Louis Johnson, jr.        §        District Court of

                               §        Hopkins County, Texas

Petition For Writ of Habeas Corpus
Pursuant to article § 11.072 C.C.P.

To the Honorable Judge in the above
aforementioned causes:

Comes Now, Mr. Ray Louis Johnson jr,
Appearing through pro se representation, after
having previously filing a Motion For
Appointment of counsel ( §1.051(a)&(c)) that has
never been answered;

To file this his Petition For Writ of
Habeas Corpus under §11.072 C.C.P. to challenge
the validity of his convictions for which an
Order of Community Supervision was imposed;
and in support would submit the following
facts:

App. 21

page 1

## I.

### Ground number one
### Petitioner, Roy Louis Johnson, jr., Pro se
### was not Mentally competent to Stand trial

On or about the 30th day of October 2003, Petitioner was transferred from the Hopkins County jail to the dental offices of Dr. Rehnquist, a dental surgeon, whose dental business is conducted at 908 Hwy. 37, South, in Mt. Vernon, Texas, 75457.

Petitioner underwent an Oral surgery procedure conducted by Dr. Rehnquist and following said surgical procedure he was prescribed the powerful narcotic drug known as Hydro codone (an opiate compound) and a controlled-substance; classified by the commissioner as a Schedule II narcotic because of its powerful affects (See Health & Safety Code § 481.002(5) (and see HSC § 481.035(b)(1) which states that a schedule II substance is one in which " abuse of the substance may lead to severe psychological or physical dependence").

Petitioner, in addition to being prescribed 10 mg/4hr. Hydro codone was also prescribed Promethazine (25 mg/day).

The following morning, on the 31st day of October 2003 and approximately 30 minutes before petitioner's bench trial affecting his guilty plea, Petitioner consumed a 10 mg dose of the narcotic Hydro Hydro —

App. 22

codone (one pill every four hours) as prescribed by Dr. Rehnquist.

Petitioner walked into court with a slow gait and mildly slurred speech, which resulted in the District Judge, the Honorable Judge Newsome, asking petitioner's counsel, Mr. Roland Fergeson Esq., "What's wrong with him is he alright?" and petitioner responded "I am on medication, I just had surgery".

## II.
### Chapter 46 c.c.P. In Competency Hearing:
Article 46 (Chapter 46B) defines the requirements for conducting an incompetency hearing and specifically (§ 46B.005 (a)) states:

"If after an informal inquiry the court determines that evidence exists to support a finding of incompetency, the court shall order an examination under Sub chapter B to determine whether the defendant is incompetent to stand trial".

Furthermore, article 46 B.004 (b) states: "If evidence suggesting the defendant may be incompetent to stand trial comes to the attention of the court, the court on its own motion shall suggest that the defendant may be incompetent to stand trial" (c) "on suggestion .... the court shall determine by informal inquiry whether there is evidence .... that the defendant

page 3

may be incompetent."

Upon learning that the petitioner was under the influence of medication, which lead to his erratic behavior in court, the trial court had a duty to "suggest that the defendant may be incompetent to stand trial" (See § 46B.004(b) and "on suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether..... the defendant may be incompetent to stand trial.", the trial court had a duty to make certain that the mood-altering and mind-altering powerful schedule II narcotic known as hydrocodone had not inhibited petitioner's ability to enter in a plea of guilty and accept a long prison term that was entered knowingly and willingly.

Infact article § 26.13(b) states that: "No plea of guilty shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and involuntary".

The trial court during the petitioner's Bench trial and Plea of guilty, became aware of evidence that might suggest that petitioner was not competent to stand trial and effect a plea agreement. The court infact asked petitioner's counsel what was wrong with petitioner and the petitioner's response was that he was under the influence

page 4

of medication. In essence the court had ①
assumed, correctly, that there was something wrong;
and ② discovered that what was wrong with
petitioner is that he is was under the
influence of medication.

The court's failure to conduct an informal
inquiry (consistent with §46B.004(c) to see if
the medications had hindered petitioner's ability
to plea guilty knowingly & voluntarily, and to
accept a long-term of prison knowingly & voluntarily,
resulted in a plea of guilty obtained,
while petitioner was under the influence of
narcotics and under an altered state;
finally it resulted in a plea that was neither
knowingly nor voluntarily entered into and, thus,
a plea in violation of §26.13(b) C.C.P.

Therefore, Petitioner's plea of guilty is
not a valid one and his plea must
be withdrawn, and a new trial held
or in the alternative, his cases dismissed.

Ground Number two:

Petitioner's Counsel-appointed by the
trial court was ineffective

Upon the discovery that petitioner had
gauze pads inside of his mouth, as a
consequence of an oral surgical procedure

page 5

App. 25

and that he had ingested 10 mg of the powerful mind-altering narcotic known as hydrocodone, Counsel had a duty to either reschedule the bench trial for another day or hold a mental competency test to ensure petitioner was mentally capable of entering into a plea-agreement Mr. Roland Ferguson's failure to provide the basic legal protections promised to petitioner under § 26.13(b) C.C.P. and § 46 B.004 - § 46 B.005 resulted in petitioner entering into a plea agreement that was neither voluntary nor knowing. Had petitioner been allowed to proceed in an unaltered state of mind he never would have plead guilty to such an enlarged sentence, he would have proceeded to trial with a jury, infact a jury trial was what he'd expressed to his counsel prior to the plea agreement and on the date he came to court, October 31, 2003 he believed he was there to pick a jury. Instead, counsel persuaded petitioner to enter an outrageous plea, even though he knew that petitioner's mind had been temporarily altered by narcotics and he lacked the capacity make logical decisions for himself, or resist suggestions by his counsel to plead guilty.

## Argument

In _Strickland v. Washington_ 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984) The U.S. Supreme Court established a two prong-test

App. 26

for determining the effectiveness of trial counsel;
1) That counsel's assistance fell below a standard of reasonableness and 2) there is a reasonable probability that with different counsel the results of the trial would have been different. In the instant case counsel's failure to reschedule the Bench trial for a date and time when petitioner had completed the course of his medication as prescribed by Dr. Rehnquist, fell below a standard of reasonableness Strickland ID, Secondly, had petitioner been present in court with a different, and effective counsel, the trial would have been reset, petitioner would requested a much lower sentence before entering a plea or he'd have proceeded to trial, selected a jury and allowed a Jury of 12 to determine his fate. Counsel's ineffectiveness in acting as his advocate and ensuring his basic protections under § 26.13 (b) C.C.P. and §§ 46.B 004 - 46.B.005 prejudiced him and when prejudice is shown, reversal is mandated (See U.S. V. Morrison, 449, U.S.361,66 L Ed2d 564, 101 SCT 665 (1981); errors in a guilty plea hearing are reversible unless shown to be harmless (U.S. V. King, 257 F3d 1013, 9th Cir 2001), Petitioner plea agreement was obtained while he was under the influence of narcotics; in the State of Texas a person can not (See P.C.) legally drive, fly or boat while under the influence of narcotics (See § 49.01 (2)(A) and § 49.04, § 49.05, + § 49.06), nor can a person consent to sex (See § 22.01/(b)(6) or even perform surgery (See § 165.1535 TX.occup) and it equally protects defendants from entering pleas that because of medication has rendered a plea unwillingly, + involuntarily entered (§ 26.13 (b) C.C.P.).

page 7

App. 27

## Prayer

Wherefore Premises Considered,

Petitioner Prays this court will Grant/issue his writ, Order a new trial, appoint effective counsel to either negotiate a reduced sentence or represent petitioner before a jury of his peers and XGrant petitioner any other belief he is justly entitled to in equity and in law, including Grant petitioners motion For appt of counsel to re draft this petition to meet the basic procedural guideliness.

Signed on this 12th day of Mac 2014

By Zayhouis Johnson Jr.

Un Sworn Declaration and Verification

My name is Zayhouis Johnson my tdcs number is 1294474 and I am currently a prisoner at the neal unit facility at 9055 Spur Rd 591 Amarillo, Texas 79107 and I do hereby declare under the penalty of perjury (28 U.S.C. §1746) and do hereby Verify that the statements, allegations and assertions made on belief are true and correct to the best of my knowledge and are not made to harass or delay justice.

Signed on this 12th day of Mac 2014 By: Ray Johnson

page 8

A CERTIFIED COPY

DISTRICT COURT OF HOPKINS COUNTY, TEXAS

ATTEST:
CHERYL FULCHER, DISTRICT CLERK
HOPKINS COUNTY, TEXAS

Darrell McQueen DEPUTY

DATE: 2-24-15

App. 28



A CERTIFIED COPY

ATTEST

CHERYL FULCHER, DISTRICT CLERK
HOPKINS COUNTY, TEXAS

DEPUTY

DATE

App. 29

Mr. Roy Johnson
Neal Unit 9055
P.o. 591 Amarillo, Tx.
#1294474                    79107

FILED

2014 MAY 15 AM 10: 08

PATRICIA DORNER
DISTRICT CLERK
HOPKINS COUNTY

Ms. Patricia Dorner
District Clerk
P.O. Box 391
Sulphur Springs, Tx   75483

754830391

App. 30

# EXHIBIT

# F

FILED

2014 NOV 17 AM 8:46

THE STATE OF TEXAS                   §        IN THE 62nd DISTRICT COURT

                                     §

                                     §                PATRICIA
                                              DISTRICT
VS.                                  §        OF   HOPKINS COUNTY, TEXAS

                                     §

RAY LOUIS JOHNSON, JR.               §        HOPKINS COUNTY, TEXAS

## ORDER DENYING RELIEF PURSUANT TO SECTION 11.072, TCCP, and ISSUANCE OF FINDINGS OF FACT AND CONCLUSIONS OF LAW

This trial court took judicial notice of the Clerk's file regarding the issues relevant to the Applicant's Writ. After reviewing the files, the trial court makes the following findings:

1. On October 31, 2003, Applicant's trial counsel affirmatively represented that Applicant was competent and understood the proceedings (Written Plea Admonishments).
2. The trial judge, Honorable Robert Newsom, was best suited to determine Applicant's competency at the time his plea was entered on October 31, 2003.
3. On October 31, 2003, at the time Applicant's plea was entered and accepted, the trial judge, Honorable Robert Newsom, made a finding of fact that Applicant was competent. (Written Plea Admonishments)
4. On February 21, 2005, Applicant pled True to the allegations contained in the State's Motion to Proceed with Adjudication. Again on February 21, 2005, Applicant confessed that at the time of his plea on October 31, 2003, he was the same person that pled guilty, that he understood the consequences of his plea, and that he read and understood the terms and conditions of his probation.

The trial court makes the following conclusions:

1. Applicant was competent at the time his plea was entered on October 31, 2003.
2. Applicant fully understood the consequences of his plea and placement on deferred adjudication.
3. Applicant did not raise the issue of his competency at the time he pled true to the State's Motion to Proceed with Adjudication on February 21, 2005.
4. As this Court has determined that Applicant was competent at the time of his plea, the Court further finds that Applicant's trial counsel was not ineffective.

The Court denies Applicant's requested relief in its entirety.

SIGNED on November 17, 2014.

_____
Will Biard, JUDGE PRESIDING

A CERTIFIED COPY

ATTEST:
CHERYL FULCHER, DISTRICT CLERK
HOPKINS COUNTY, TEXAS

_____ DEPUTY

DATE: _____ 2-24-15

DISTRICT COURT OF HOPKINS COUNTY, TEXAS

App. 31

App. 32

ROBERTA ... OR HOPKINS ...
BERYL FULCHER, DISTRICT CLERK
HOPKINS COUNTY, TEXAS

DEPUTY